WILLIAM P. MICHENER, WILLIAM HOUSE and JOSHUA THOMPSON, Commissioners, &c., *vs.* STACY LLOYD and others.

Land owned by two tenants in common was ordered to be sold by commissioners appointed to make partition thereof. At the first sale the land was struck off to one of the tenants in common, who refused to accept the deed or pay the purchase money. The premises were thereupon again exposed to sale, and struck off for a less sum. By the terms of the first sale, if the purchaser refused to comply with the conditions, the property was to be resold, and the purcha'er held liable for the loss. The deficiency on the second sale was $1200. On the distribution of the proceeds of sale, the co-tenant claimed, as against the purchaser at the first sale, an allowance for the loss sustained by reason of his non-compliance with the conditions. The claim being disputed, and an order of distribution having been made, the commissioners refused to pay over the money in compliance with the terms of the order, and filed a bill of interpleader asking to have the right determined. There was some dispute as to the terms of the order for distribution. *Held*—

1. The only legal evidence of the terms of the order of the court, is the *record* or a *duly certified copy* thereof. Evidence of what passed at the time of making it, or of the precise terms of the order itself as directed by the court, is incompetent.

2. The deficiency incurred by a resale of the property, can only be recovered by an action brought by the commissioners, and when recovered, be distributed by order of the court, as part of the money arising from the sale of the land.

3. The deficiency can constitute no legal set-off against the claims of the defaulting co-tenant for his share of the proceeds of sale under the order for distribution.

4. The case furnishes no ground for a bill of interpleader by the commissioners.

*S. A. Allen,* for complainants.

*A. Sinnickson,* for Lloyd.

THE CHANCELLOR. The complainants are commissioners, appointed by a judge of the Court of Common Pleas of Salem county, to make partition of certain real estate owned by Stacy Lloyd and Thomas Mulford as tenants in common. The commissioners having reported that partition of the land could not be made, they were ordered to sell the same under the provisions of the statute. At the first sale, Lloyd, one of the tenants in common of the land, became the purchaser for $4030. Lloyd having failed to comply with the conditions of sale, and refusing to accept a deed or pay the purchase money, the premises were again exposed to sale and were struck off to Mulford, the other tenant in common, for $2830.

The sale having been confirmed, he paid the purchase money and received title. One half of the net proceeds of the sale were ordered by the court to be paid to Mulford, one of the owners, and after satisfying, out of the other half of the net proceeds, certain encumbrances upon the share of Lloyd in the said land, the court directed the residue thereof, being $660.60, to be paid to Lloyd, the other tenant in common.

One of the terms of the first sale was, that if the purchaser refused to comply with the conditions and pay the purchase money, the property would be resold, and if it sold for less than at the first sale, the purchaser would be held liable for the difference. The deficiency on the second sale was $1200. Mulford claims, as against his co-tenant who became the pur-

chaser, that he is entitled to receive one half of this sum. Notice of this claim having been given to the commissioners, they refused to pay over the money to Lloyd in compliance with the order of the Court of Common Pleas, and filed their bill of interpleader in this court, asking to have the right determined.

The order of the Court of Common Pleas expressly directs the commissioners to pay over the net proceeds of the sale of Lloyd's share of the land, after satisfying the legal encumbrances thereon, to Lloyd. There is no allegation of fraud in obtaining the order. Some question is raised and evidence offered, as to what passed at the time of making the order, and as to the precise terms of the order itself as directed by the court. But this evidence is clearly incompetent. The only legal evidence of what the order actually made was, is the *record* or a duly certified copy thereof. The court will not go behind the record to ascertain what was said at the time of making the order. If the entry in the minutes was erroneous, the proper remedy would have been by application to the court in which it was made. But it is evident that there was no mistake in the entry of the order. It is, in fact, the only order that could properly have been made. The statute requires that the moneys arising from the sale shall be ordered by the court to be paid by the commissioners to the parties interested in the real estate so sold, in proportion to their respective rights in the same. *Nix. Dig.* 605, § 21. The court has no alternative and no discretion on the subject. The encumbrances on the respective shares are of course to be satisfied. The value of each share of the property, over and above the encumbrances thereon, alone represents the right of the respective owners. It was the duty of the commissioners to have paid the money in compliance with the order of the court. The order would have afforded them full protection. The rights of those interested were settled by the determination of the court.

The complainants are entitled to no relief in equity. If the first purchaser was liable for the amount of the deficiency

Michener *v.* Lloyd.

which occurred upon the resale, it was the province of the commissioners to have enforced its payment, by suit or otherwise, and to have carried the money thus recovered to the account of sales. It would thus have represented a part of the moneys arising from the sale of the real estate, and been subject to distribution among the owners. But what right have the commissioners *now* to recover this money? The net proceeds of the sale have been ascertained and distributed, under the order of the court. The duty of the commissioners is ended. They are *functi officio*, and if the money could be recovered by them, by what authority is it to be drawn out of their hands? What claim has the owner of the land to it? He cannot claim it as a part of the moneys arising from the sale of the land. That has already been ascertained and paid to him under the order of the court. If recovered at all, it must be as damages sustained by the breach of the contract contained in the conditions of sale. That contract was with the commissioners, and they alone would have the right to enforce it. And the remedy upon that contract would properly not be in this court, but in a court of law. Until the right to recover upon that contract is established, it is not perceived that either the commissioners or the land owners have any equity which would enable them to come into this court for relief.

But if there be a subsisting equity as between Mulford and Lloyd, upon which the former is entitled to relief, it is clear that there is no ground upon which these complainants can file a bill of interpleader; because Mulford has no legal or equitable claim as against them for the fund. It is in their hands as the trustees of Lloyd. They are required by law and are directed by the order of the court, to pay it to him. No lien or claim upon the fund has been created or acquired since the order of the court, which can raise any doubt as to the rights of the parties. No attachment or execution has been served. It is simply an attempt of Mulford to enforce a supposed equitable or legal demand against Lloyd, by preventing the trustees from paying over the

D *

money to the rightful owner. This is not the office of a bill of interpleader. *Mitford's Eq. Pl.* 142; 3 *Daniell's Ch. Pr.* 1759; *Story's Eq. Pl.*, § 292; 2 *Story's Eq.*, § 816, 817.

The bill is not filed for the protection of the complainants against the adverse claims of the defendants. They are, as the evidence shows, indemnified by Mulford, one of the contesting claimants to the fund. The bill is obviously filed, if not at his instance, yet in his interest and for his benefit. His answer is a mere echo to the charges and allegations of the bill.

The bill must be dismissed with costs.