A motion is before the court to strike a bill of interpleader. The bill, in substance, alleges that defendant Sganga was retired for disability and became entitled to a pension from the complainant. Defendant Guss recovered a judgment against Sganga and an execution was issued against the pension money due him, and under the execution defendant was required to deduct $5 a month from his pension. Complainant has been making payments accordingly. Defendant Gross claims to be the assignee of the pension under two assignments from Sganga, aggregating some $3,000. Gross has a suit pending in the District Court to recover payments made under the execution, on the ground that the assignments to him take precedence over the execution. Complainant further alleges that it is willing to make the pension payments to whichever of the rival defendants is entitled thereto, and asks the court to direct that the defendants be required to interplead and determine the issues.
The right of interpleader is given only to an impartial stakeholder from whom different persons claim the same subject-matter, the purpose being to protect the innocent stakeholder from being compelled to pay the same debt twice.
In Briant v. Reed, 14 N.J. Eq. 271, the court says (at p.276):
"It is essential in every bill of interpleader that the complainant should show that each of the defendants claim such a right as they may interplead for. The complainant must at least show that there is some doubt, in point of fact, to which claimant the debt or duty belongs, so that he cannot safely pay, or render it to one, without the risk of being made liable for the same debt or duty to the other. If, therefore, he states a case in his bill which shows that one defendant is entitled to the debt, and the other is not, both defendants may demur.Mitford's Pl., by Jeremy 142; 2 Story Eq. Jur., § 821; Story Eq.Pl., § 292; Shaw v. Coster, 8 Paige 339, 347."
 Michener v. Lloyd, 16 N.J. Eq. 38; Pennsylvania RailroadCo. v. Earl's Executors, 63 N.J. Eq. 634.
Complainant has not met this requirement, since it has taken sides between the rival claimants by the allegation of *Page 379 
the assignments, under which defendant Gross claims were made without consideration and in order to defraud creditors of defendant Sganga. If this allegation be sustained, it necessarily follows that defendant Gross has no right against the fund.
The bill of complaint must be dismissed.