JOHN G. TYUS and JEREMIAH BEALL, plaintiffs in error, *vs.* Y. G. RUST, survivor of SIMS & RUST, defendant in error.

When a warehouseman received cotton for storage and sale, and afterwards sold it, as he alleges, in pursuance of the instructions of his principal bailor, to a purchaser who subsequently stored the cotton in his warehouse, and claims the title to the same; and the original bailor of the cotton also claims it on the ground that the warehouseman had no authority to sell it:

*Held,* that the facts of the case did not authorize the warehouseman to file a bill of interpleader, enjoining the parties claiming the cotton, from suing him and to compel them to litigate with each other as to the title of the cotton which he had sold to one of them as such warehouseman.

Equity. Demurrer. Decided by Judge VASON, Dougherty Superior Court, December, 1867.

In December, 1862, and January, 1863, Sims & Rust, as warehousemen, received from John G. Tyus fifty-three bales of cotton, and advanced to him upon it $1,354 18. Tyus verbally instructed them to sell the cotton when they could realize eighteen cents per pound in the then Confederate currency. On the 21st of March, 1863, they sold the cotton to Jeremiah Beall, for $........., and placed the same, after de-

ducting charges, to the credit of Tyus, and by mail, on the 30th of March, 1863, notified him of the same. Several months afterward, and after the price of cotton was greatly advanced, Tyus refused to ratify said sale, pretending that they had no authority to sell the cotton. The cotton was sold for nineteen and a-half cents per pound. They made the advance because they had authority to sell, and after making this advance, Tyus had no right to withdraw the authority to sell without repaying the advance. Sims died; the war ended, and Tyus demanded the cotton from Rust, as survivor. He refused to deliver it. Tyus sued out a possessory warrant against Rust, survivor. Judge Clark decided the same in favor of Rust. Tyus took the case to the Supreme Court, and that Court affirmed Judge Clark's decision. After this, Tyus brought trover and bail against Rust, survivor, for said cotton, which action is still pending.

Beall also demanded the cotton from Rust, survivor, (he having left it on storage when he bought it,) and Rust proposed to deliver the same to him, if he would give him bond and security for the delivery of the cotton, or to pay the judgment which Tyus might recover against him, Rust, as survivor, or make himself a party to the said trover action, so that the rights of all parties might be settled by that suit. Beall refused to do either, and Rust refused to deliver him the cotton. Thereupon Beall also brought trover and bail against Rust, survivor, for said cotton, which suit is also pending.

Rust is willing to deliver the cotton into the custody of the Court, after receiving his advance and charges. This, he claims, is a charge upon the cotton, whether it shall be adjudged to be the property of the one or the other. As the contract was within the ordinance of 1865, and therefore the values are uncertain, etc., and as these conflicting claims should all be settled in equity, Rust, survivor, filed his bill with the above averments and claims, and prayed that said actions be enjoined, and that Tyus and Beall interplead and settle their conflicting claims, and account and settle with him. The Judge granted the injunction.

The defendant demurred, upon the grounds that his bill did not make a case for relief and account; that he showed no such an interest in the cotton as gave him the right to compel defendant to interplead; and, because Rust was bailee, the remedy in law is complete, and there is no equity in the bill. The Chancellor overruled the demurrer, and this is assigned as error.

STROZIER & SMITH, WRIGHT & WARREN, for plaintiffs in error.

DAVIS, LYON, for defendant in error.

WARNER, C. J.

This is a bill of interpleader filed by Rust, as the surviving copartner of Sims & Rust, who were warehousemen, against Tyus, who is his bailee of fifty-three bales of cotton, and Jeremiah Beall, to whom the complainant, as a warehouseman, sold the cotton as the agent or factor of Tyus, and the question to be decided is, whether the complainant has made such a case, as exhibited by the record, as will entitle him to maintain his bill of interpleader. A bill of interpleader may be filed where two or more persons claim the same debt or duty, or other thing from the complainant, by different or separate interests, and he not knowing to which of the claimants he ought of right to render the same debt, duty or other thing, fears that he may suffer injury from their conflicting claims, and therefore he prays that they may be compelled to interplead, and state their several claims, so that the Court may adjudge to whom the same debt, duty or other thing belongs. Story's Eq. Pleading, 237, section 391. In this case, Rust, the warehouseman, had either the general or special authority to sell the cotton for Tyus, his bailor, or he did not. If he had either the general or special authority, as the agent of his principal to sell the cotton, then Beall, the purchaser, acquired a good title to the cotton, and is entitled to the possession of it. But if Rust, the warehouseman, did not have the authority to sell the cotton for Tyus, his

Tyus and Beall *vs.* Rust, survivor.

principal, or violated his special instructions in relation' to the sale of it, then, he is liable to his principal for any violation of his duty as warehousman, and factor, which he may have legally incurred. If the facts be true as stated in his bill, he can successfully defend himself at law against Tyus' action of trover for the cotton, and there is no legal or equitable ground for withholding the possession of the cotton. from Beall, the purchaser. Why should Beall be enjoined from prosecuting his action of trover for the cotton against Rust, when the latter had the authority of Tyus, his principal, to make the sale of it to him? Why should Rust refuse to deliver the cotton to Beall, if he made the sale in good faith, as the agent of his principal, and received the purchase money therefor? After the sale of the cotton to Beall, Rust held the cotton as the agent and factor of Beall, and not as the agent and factor of Tyus. If Rust, the warehouseman, is not a *wrong-doer*, as against either of the parties claiming this cotton, then he is in no danger from the suits instituted against him therefor. But if he is a wrong-doer, as to either of the parties, defendants in this transaction, then he cannot maintain this bill of interpleader, for, as remarked by Lord Eldon, in Stingsby vs. Boulton, (1 Vesey and Beame's Rep., 334.) "A person cannot file a bill of interpleader who is obliged to put his case upon this, that, as to some of the defendants, he is a wrong-doer." There is another objection to this bill, there being no affidavit of the complainant; that there is no collusion between him and any of the parties, defendant, which is necessary when a bill of interpleader is filed. Story's Eq. Pleading, 237, section 291. In view of the facts of this case, as exhibited by the record, we are of the opinion that the demurrer to the bill should have been sustained and the bill dismissed. Let the judgment of the Court below be reversed.