## SAMUEL T. GRAHAM vs. THE NATIONAL BANK OF SMYRNA.

1. INTERPLEADER—CODE REMEDY MERELY SUBSTITUTE FOR EQUITABLE REMEDY.

*Code* 1915, § 4201, authorizing a defendant in certain cases to require plaintiff to interplead with a third person, is a mere substitute for the equitable remedy by independent suit, and creates no new cases of interpleader.

2. INTERPLEADER—SUBJECT-MATTER OF CLAIM MUST BE IDENTICAL.

To invoke the principle of interpleader, the same thing, debt, or duty must be claimed by both, or all of the parties, against whom the relief is sought.

3. INTERPLEADER—PARTY SEEKING RELIEF MUST BE INNOCENT STAKE-HOLDER.

To invoke the principle of interpleader, the party seeking relief must have incurred no independent liability to either claimant, and must stand perfectly indifferent between them in the position of an innocent stakeholder.

4. INTERPLEADER—CLAIM BETWEEN DEPOSITOR AND DEFENDANT BANK HELD NOT IDENTICAL WITH CLAIM BETWEEN ANOTHER BANK AND DE-FENDANT BANK.

Where S. Bank received for deposit a check drawn on D. bank, and trans-mitted the check to D. bank, and the latter extended S. bank credit for the check, and S. bank extended depositor credit, and then D. bank withdrew credit for the check on account of the drawer's lack of funds, and S. bank withdrew credit given to depositor and deducted the amount of the check from proceeds due to D. Bank, S. Bank, in an action by the depositor, was not entitled to have D. bank interpleaded, as the subject-matter of the claims was not identical.

5. INTERPLEADER—CLAIMS TO BE IDENTICAL MUST BE FOR SAME AMOUNT.

Where claims are for different amounts they are never identical, but where they are for the same amount, that circumstance goes far to determine identity, but the amount is not of itself sufficient to determine identity, for the amount may be the same and the debt different.

6. INTERPLEADER—PARTY INVOKING INTERPLEADER MUST NOT BE LIABLE TO BOTH PARTIES.

A party invoking interpleader must not be liable to both claimants, as the office of interpleader is not to protect the party against double liability, but against a double vexation for the same liability.

7. INTERPLEADER—EMBARRASSMENT OF CONFLICTING CLAIMS MUST NOT HAVE BEEN CAUSED BY PARTY SEEKING INTERPLEADER.

The embarrassment of conflicting claims and the peril of double vexa-tion must not have been caused by any act on the part of the party seeking interpleader.

(*July* 12, 1922.)

RICE and RODNEY, J. J., sitting.

*David J. Reinhardt* for plaintiff.

*Robert H. Richards* for defendant, National Bank of Smyrna.

*Henry Ridgely* for Farmers Bank of Dover.

Superior Court for New Castle County, March Term, 1922. Motion, No. 69, March Term, 1921.

On Friday, July 23, 1920, Samuel T. Graham deposited with the National Bank of Smyrna a check drawn by William H. Jones on Farmers' Bank of Dover for $700. At that time the Smyrna and Dover Banks cleared directly with each other. On July 24th the Dover Bank received this check with others from the Smyrna Bank and on the same day acknowledged the receipt in what it claims was the customary manner in which it was said "we credit" the full amount of the remittance. It was contended by the Dover Bank that this was the uniform custom of banks and did not indicate the collectibility of the items, but involved only the correctness of the total of the remittance. The Smyrna Bank disputed such custom. There was a contrariety of testimony as to a telephone conversation between the two banks regarding the payment of the check. The Smyrna Bank, upon receiving the latter from the Dover Bank, informed its depositor, Graham, that the deposit was subject to his order, and he drew upon such account. On Monday, July 26th, Jones, the maker, informed the Dover Bank he would not pay the check, and, there being no funds to meet it, the Dover Bank returned the check to the Smyrna Bank, which in turn returned it to Dover. At a subsequent settlement between the two banks the Smyrna Bank, being the debtor, deducted $700 from the balance due by it to the Dover Bank, and this situation still remains with this item being unsettled. The Smyrna Bank also charged back against Graham the credit extended to him of the proceeds of the check. Graham having brought suit against the Smyrna Bank for $700 and having filed his declaration, the Smyrna Bank, before plea, paid the money and interest, to wit, $728 into court and obtained a rule on the

Dover Bank to show cause why it should not by interpleader under *Section* 4201 *of the Code of* 1915, be made the party defendant.

The proviso of *Section* 4201 *of the Code of* 1915 is as follows:

"The defendant in any action now pending, or which shall be brought in the Superior Court for the recovery of money, or of any goods, chattels, or the value thereof in damages, which shall have come lawfully to his hands or possession, may, at any time after the declaration filed, and before plea pleaded by a suggestion to be filed of record, disclaim all interest in the subject matter of such action, and offer to bring the same into court, or to pay or dispose thereof as the court shall order; and if he shall also allege, under oath or affirmation, that the right thereto is claimed by or supposed to belong to some person not party to the action (naming him or them), who has sued or is expected to sue for the same, or shall show some probable matter to the court to believe that such suggestion is true, the said court may, thereupon, order the plaintiff to interplead with such third person, and make such rules and orders in the cause, and issue such process for the purpose of making such third person party to the action, and for carrying such proceeding to interplead into full and complete effect, and may render such judgment or judgments thereon as shall be agreeable to the rules and practice of the law in like cases."

RODNEY, J., delivering the opinion of the court:

[1]   It has been uniformly held that statutes such as that under discussion, create no new cases of interpleader, but that the statutory remedy as to all cases falling within its provisions is a mere substitute for the equitable remedy by independent suit and is governed by the same rules. 4 *Pomeroy, Eq.* (4th *Ed.*) §§ 1329, 1482.

[2, 3]   The authorities are comparatively uniform in requiring the following elements, among others, to be present when the equitable principle of interpleader is sought to be invoked:

1.   The same thing, debt or duty must be claimed by both or all of the parties against whom the relief is sought.

2.   The party asking the relief must have incurred no independent liability to either of the claimants; that is, he must stand perfectly indifferent between them in the position merely of an innocent stakeholder.

[4, 5]   In order to justify the application of the principle of interpleader to the present controversy it must be assumed that the claim of Graham of $700 against the Smyrna Bank arising out of the credit extended to him on account of the deposit of the Jones check and the subsequent withdrawal of the credit is the

same claim as that of the Dover Bank arising out of the arbitrary deduction of $700 from the balance due the Dover Bank by the Smyrna Bank at the time of the settlement between them. Where the subject in dispute has a bodily existence, little difficulty arises as to the determination of identity, but where, as in this case, the subject is a chose in action it becomes material and necessary to determine the identity. Where the claims are for different amounts they can never be identical, but where they are for the same amount that circumstance goes far to determine identity, but the amount is not of itself sufficient to determine the identity, for the amount may be the same and the debt different. *Glyn v. Duesbury, 11 Sim. Ch. 139, 59 Eng. Rep.* 827; *Pfister v. Wade,* 56 *Cal.* 43.

[6] We fail to see how the claims in this case are for the same debt or duty. The claim of Graham arose from the giving and. subsequent withdrawal of the credit of the Jones check; that of the Dover Bank arises from the settlement between the banks. It does not appear whether the Smyrna Bank withdrew the credit to Graham before or after the settlement with the Dover Bank, but that fact would seem to be immaterial. It clearly appears that both claims arise from the act of the Smyrna Bank at different times and there is not identity of the causes of action though both may be for the same amount. The claim of the Dover Bank arose from the mere fact of the deduction of $700 from the amount due from the Smyrna Bank to the Dover Bank. It is conceivable that this claim would not have arisen had the Dover Bank been the debtor instead of the creditor at the time of the settlement. The office of interpleader is not to protect a party against a double liability but against a double vexation for the same liability. It is of the essence of interpleader that the party invoking it shall be liable to one only of the claimants, and if the circumstances show a liability to both claimants it is no case for interpleader. *Crawford v. Fisher,* 1 *Hare* 436, 66 *Eng. Rep.* 1103; *Greene v.. Mumford,* 4 *R. I.* 313.

The claim of Graham was created by the deposit of the check in the Smyrna Bank and the credit therefor upon his deposit ac-

count. This, if correct, established the relation of debtor and creditor to be determined in an action *ex contractu*. If the contention of the Dover Bank be correct, one remedy available to it for the unwarranted appropriation of the funds or credit would be an action of trover and it is manifest that where one party is basing his claim upon a contract and the other by reason of a tort, both are not claiming the same debt, duty or thing. This is true even though the tort might be waived and action of assumpsit brought for money had and received. *Rauch v. Fort Dearborn National Bank*, 223 *Ill.* 507, 79 *N. E.* 273, 11 *L. R. A.* (*N. S.*) 545.

The reasons for the necessity of identity of the subject matter is obvious. If the claims of Graham and the Dover Bank do not grow out of the same transaction or depend one upon the other how could they and why should they interplead?

[7] A cardinal principle of interpleader demands that the party invoking it not only stands indifferent between the claimants and that he is without interest in the controversy but also that he is a mere innocent stakeholder and that no act on his part has caused the embarrassment of conflicting claims and the peril of double vexation. 15 *R. C. L.* 227.

In *Tyus v. Rust*, 37 *Ga.* 574, 95 *Am. Dec.* 365, a warehouseman as agent for his bailor had sold cotton to a stranger, who left it in the warehouse. The bailor denied the agency and brought trover to recover the cotton. The vendee also sought to recover it. The court refused to allow an interpleader, holding that if the bailee was not a wrongdoer to either of the parties he was in no danger, and if he was a wrongdoer to either of them he could not invoke the remedy of interpleader.

In *Desborough v. Harris*, 5 *De G. M. & G.*, 439, 43 *Eng. Reprint* 940, at 947, it is held that interpleader only lies when the double claim has not been occasioned by the conduct of the person who is liable to discharge the debt or obligation. "In other words if there be a double claim which has been occasioned by the act of the party seeking interpleader, he cannot have relief from the Court."

In *National Life Ins. Co. v. Pingrey*, 141 *Mass.* 411, 6 *N. E.*

93, an insurance company had issued a policy on the life of A. payable to B., allowed A. to cancel the policy without the consent of B. and issued a new policy to A. payable to C. On the death of A. the company sought to have B. and C. interplead. The mother claimed as beneficiary under the first policy; the widow under the second. The court held "by issuing the two policies the plaintiff has exposed itself to both of those claims and must meet them as best it may. The difficulty of maintaining the bill of interpleader is not technical, but fundamental. In this form of proceeding we cannot inquire whether the plaintiff has incurred a double liability. That result is possible. A plaintiff cannot have an order that the defendants interplead when one important question to be tried is whether by reason of his own act he is under a liability to each of them." See also *Mallory S. S. Co. v. Thalheim* (*C. C. A.*) *277 Fed.* 196 (1921).

In addition to the two foregoing necessary elements of interpleader there originally existed a third element, totally lacking in the present case, viz.: that a bill of interpleader could only be sustained against defendants between whom there exists a privity with relation to the claim. Their claims had to be deduced from the same title, and if one claimed under a hostile, distinct or paramount title they could not be required to interplead, for the protection of the plaintiff. While this rule has been relaxed in some jurisdictions, the tendency so to do has been said to be rather a criticism of the rule than a repudiation of it, and such tendency is by no means universal.

The authorities on this branch of the matter are collected in *Northwestern Mut. L. Ins. Co. v. Kidder*, 162 *Ind.* 382, 70 *N. E.* 489, 66 *L. R. A.* 89, 1 *Ann. Cas.* 509, and note, and in *Stephenson v. Burdette*, 56 *W. Va.* 109, 48 *S. E.* 846, 10 *L. R. A.* (*N. S.*) 748. See also note to *Hastings v. Cropper*, 3 *Del. Ch.* 165.

As the facts before the court fail to present such circumtances as would lead the court to exercise its discretion in the ordering of an interpleader, such interpleader is refused and the rule heretofore issued is discharged.