Complainant, a warehouseman, doing business under the name of "Westfield Storage Warehouses," files bill of interpleader against the two defendants, in respect of certain *Page 179 
goods alleged to have been stored with him by the defendant Emily P. Winans. His right to a decree that the defendants interpleader is contested by the defendant John Winans.
I think the bill must be dismissed for several reasons.
Complainant's bill is one of strict interpleader. He alleges that the goods are separately claimed by each defendant; that he is unable to determine to which of them they belong; that he is, and always has been, willing to deliver them to the one lawfully entitled to them, and offers so to do; that he colludes with neither, and it does not appear by the bill that complainant claims any title or interest in the goods in himself.
In the first place, the proofs fail to establish the essential allegation of adverse claims. The goods are household goods, furniture and clothing. They were put in storage by the defendant Emily P. Winans, who is the wife of the other defendant. The proofs show that some of the articles were hers and some of them his, and the two defendants so admit, specifically, as to many articles. It is obvious from the testimony that the real question among the parties is as to whether or not the wife was authorized to place in storage those articles which belonged to the husband. I do not think the proofs go so far as to show that every one of the stored articles is the property of one defendant and is not claimed by the other; there may be some few articles which were not specifically mentioned in the testimony, but that is not sufficient. To sustain complainant's bill it must appear, and the burden of proof is upon him to show it, that there are adverse claims by the two defendants. There is no proof that any of the articles are claimed by both. There is nothing to show that there would have been any controversy at all if complainant had permitted the husband to inspect the goods in storage and to take those claimed by him as his own. This is fatal to complainant's case.
In the second place, the proofs show that complainant himself claims, and has always claimed, an interest in the goods, namely, a lien for unpaid storage charges to the amount of some four hundred dollars ($400), to which he claims to be *Page 180 
entitled. The wife takes the position that the husband should pay these charges; he refuses, and denies liability in respect thereof on the ground that the complainant had no authorization or consent from him to take and store any of the goods, and that the wife had no authorization or consent from him to place them in storage.
This claim of interest by complainant is fatal to a bill of strict interpleader, and the bill of strict interpleader cannot be treated as a bill in the nature of interpleader. Stevens v.Robinson, 118 Atl. Rep. 273.
In the third place, the complainant, being the bailee of one of the parties, has no right to file this bill of interpleader at common law. First National Bank of Morristown v. Bininger,26 N.J. Eq. 345; New Jersey Title Guarantee and Trust Co. v.Rector, 75 N.J. Eq. 423. The latter case was reversed (76 N.J. Eq. 587), but not on that point. Complainant claims the right, however, by statute, under section 17 of the "Uniform Warehouse Receipts law" (4 N.J. Comp. Stat. 5777), which provides that —
"If more than one person claims the title or possession of the goods, the warehouseman may * * * require all known claimants to interplead."
It was decided by this court in New Jersey Title Guarantee andTrust Co. v. Rector, supra, that a complainant could not claim the benefit of this section, unless he showed that he had complied with the other requirements of the statute as to giving warehouse receipt for the goods stored, and that the receipt given by the then complainant did not so comply. It was the latter of these two provisions which was reversed on the appeal (supra). The decision is still the law, therefore, except to the extent modified in the appellate court.
It is laid down in the appellate opinion (at p. 591) that "a receipt or memorandum given by a warehouseman to his bailor, which shows that the property described therein was received from the bailor, by the warehouseman, for safekeeping in the ordinary course of his business," is sufficient to entitle the warehouseman to require his bailor and an adverse claimant to interplead. *Page 181 
Complainant's proofs in the present case, however, do not bring him within those provisions. They tend to show that he gave to the wife a paper (called variously in the testimony an "order" and "a receipt"), in this form:
"Please bring this order to the office to exchange for storage receipt.
Office: 17 Prospect street, Westfield, N.J.
Mr. ________________________________________
Please deliver to bearer ____________________________ _______________________________________________________ to be stored subject to the conditions on the back hereof.
 Westfield Storage Warehouses. Per ______________________"
There are some printed conditions on the back, including a statement that "this order must be returned * * * before the goods are delivered," and that "this order or the itemized storage receipt for which it can be exchanged" must be presented by anyone desiring to examine or withdraw goods, and that "this receipt is not negotiable, and is valid only in the hands of the person to whom it is issued."
The testimony is that a paper in this form was given to Mrs. Winans by the van drivers at the time they came to the house for the goods, as was customary by complainant, as a temporary receipt, pending the making out of the regular itemized warehouse receipt; that the latter could not be made out until the goods were checked and listed at the warehouse. There is no proof that this paper was signed, or that it was addressed to Mrs. Winans, or what, if anything, was entered thereon by way of description of the goods.
From the proofs, therefore, this paper fails of compliance with the rules laid down by the court of errors and appeals in at least four particulars, which the receipt itself is required to show in its terms; it does not describe any property, it does not name the bailor, is not signed by the warehouseman, and, finally, even if all the blanks had been properly filled in, it still would fail to show on its face that the property described therein was received from the bailor by the warehouseman. In its terms it would still be an order or request by the warehouseman to the bailor to deliver to *Page 182 
the warehouseman's agent, which is, obviously, a very different thing, and the situation is not changed by its being called a receipt, in the printed conditions.
Complainant's proofs further tend to show that a proper and itemized warehouse receipt, complying with the necessary legal requirements, was made out after the arrival of the goods at the warehouse, and that notice was sent to Mrs. Winans to come and get it, bringing her "temporary receipt or order" to exchange therefor; that Mrs. Winans failed to do so, and that that was the reason, and the only reason, that the proper warehouse receipt was not delivered. He argues, therefore, that it was the fault of the bailor herself, if a proper warehouse receipt was not delivered, and that he should not be precluded thereby from his right to require interpleader.
One answer to that is that he was not prevented by Mrs. Winans from delivering the proper receipt to her, merely because she did not call for it, or bring the temporary order. There is nothing to show that he could not have mailed it to her, or called on her and delivered it in person. He chose to adopt a certain course of conduct, and there is no evidence that he did so because of any request of Mrs. Winans, or even by any consent on her part. Having done so, he must abide by the legal results of that course of conduct.
Moreover, even if we should assume that his contention might have some merit as against Mrs. Winans, it is not Mrs. Winans, but the other defendant, who is denying complainant's right to interplead. Certainly, there can exist no ground for claiming any equitable estoppel as against him.
Finally, even if we should assume that complainant is not barred for failure to issue a proper warehouse receipt, and even if we assume that under section 17 he might file bill of interpleader, notwithstanding his own claim of lien on the goods for storage charges, the defect in the proofs mentioned in the fourth paragraph of these conclusions is just as fatal on bill filed under that section as on a bill filed under the common law. *Page 183