Complainant, owning a parcel of land in Union county, requested defendant Brody to list the land with real estate agents and to take such other steps as might occur to him in order to bring about a sale. Nothing was said about his compensation. Brody listed the land with Mrs. McLintock, the other defendant, and brought her and the officers of complainant *Page 543 
together. She found a purchaser willing to pay $33,000 and his offer was accepted, although the price was less than complainant had hoped to obtain. When the contract of sale was signed, complainant told Mrs. McLintock that it was unwilling to pay her the usual commission of five per cent. and after bargaining, $1,250 was agreed upon. The contract contains this provision: "And the seller hereby agrees to pay to Gladys R. McLintock a commission of $1,250, said commission to be paid in consideration of services rendered by her as sole broker in consummating this sale." The words italicized were not in the typewritten draft of contract prepared by counsel in advance but were inserted by pen at the time the contract was executed.
When title passed pursuant to the contract, Mrs. McLintock and Brody were both present. She asked complainant for the promised commission and he also demanded a commission. Complainant paid neither, but later gave Mrs. McLintock $425 and filed this bill of interpleader. Mrs. McLintock has answered denying complainant's right to maintain the bill.
The relations between the parties present several possibilities: Complainant may be indebted to Mrs. McLintock for $825, being the balance of the stipulated commission, and it may also be obligated to pay Brody for his services. Or complainant may be indebted to Mrs. McLintock and she may be indebted to Brody. Such situations would not be the basis for interpleader since the defendants would not claim the same debt. In the first supposed case, each asserts a separate right against complainant.Leddel's Executor v. Starr, 20 N.J. Eq. 274; Tipula v.Garfield Mill, Inc., 115 N.J. Eq. 245. In the second, Brody looks not to complainant but to Mrs. McLintock.
Or Brody may claim as owner by assignment or otherwise of Mrs. McLintock's chose in action, which is based on complainant's promise to pay her $1,250. Here interpleader lies, provided Brody's claim is substantial. "The rule is that the danger of a double vexation must be real and that a mere suspicion of a risk will not be sufficient to support a bill." *Page 544 Metropolitan Life Insurance Co. v. Hamilton,70 Atl. Rep. 677. A complainant, on being discharged, is allowed costs out of the fund, so that the successful defendant is deprived of part of that which rightfully belongs to him, and gets at best a judgment against the other defendant for the amount of the costs. This should not be unless complainant's danger is real. But an interpleader decree will not be refused merely because one claimant probably has the better right to the fund. PennsylvaniaRailroad Co. v. Earl's Executor, 63 N.J. Eq. 634.
Immediately after title passed, and before complainant had paid anything to Mrs. McLintock, Brody instituted suit against her. His complaint states that he and Mrs. McLintock, as co-brokers, made a reciprocal agreement wherein each promised to share equally the commission to be earned in the event that either should secure a purchaser for the property; that she has refused to pay him $825, fifty per cent. of the commission earned by reason of the sale, although same has been duly demanded, wherefore he demands judgment for $825. This complaint was verified by Brody's affidavit. On it an attachment issued and Brody caused a levy to be made on the debt due by complainant to Mrs. McLintock. It would appear from the complaint that Brody's claim was against Mrs. McLintock generally; that her debt to him was not dependent upon her receipt of the commission but became payable as soon as the commission was earned. By the levy he recognized that the commission was due to her in whole and not partly owing by complainant to him.
Brody also sued Leader Holding Corporation. I quote the complaint since it is short: "The nature and substance of the cause of action herein is an action to recover the sum of $825 for breach of contract for the non-payment of fifty per cent. of the brokerage fee due for the sale of a certain piece of property and the buildings thereon erected and located on Western Drive, Short Hills, New Jersey." He does not claim as assignee of a part interest of the amount due Mrs. McLintock, but under contract between himself and complainant, for so the complaint must be interpreted. *Page 545 
Mrs. McLintock's right is founded on complainant's express promise to pay her $1,250. In order to maintain interpleader, complainant must show reasonable ground for fearing that she has assigned an interest in the contract to Brody, or that Brody was an undisclosed principal for whom she was acting as agent. There is no evidence whatever of an assignment or claim of an assignment. There is some proof that the two defendants were partners or joint adventurers, whence it might be inferred that Mrs. McLintock made her agreement as agent. But Brody, while sometimes seeming to assert the partnership, does not claim under the express contract. Rather, he says Mrs. McLintock had no right to agree to accept $1,250. He repudiates her contract and — when he relies on the partnership — claims that they earned $1,650, of which he is entitled to one-half. Here complainant runs afoul of the rule that interpleader is denied when complainant has entered into a contractual relation with one of the parties, which is independent of the duty on which the other party relies.Wakeman v. Kingsland, 46 N.J. Eq. 113; Pratt v. Worrell,66 N.J. Eq. 194, 208.
Mrs. McLintock also makes objection to the affidavit of non-collusion annexed to the bill. Want of the affidavit may be taken advantage of at the hearing. Mount Holly, c., Co. v.Ferree, 17 N.J. Eq. 117. The affidavit is made by one Isidore Katz, and states that he is secretary of complainant, but not that he is authorized to make the affidavit. No extrinsic evidence of authority has been offered. The secretary of a corporation is not, by virtue of his office, authorized to make the affidavit. North Penn. Iron Co. v. Boyce, 71 N.J. Law 434;Stember v. Manhattan Electric Supply Co., Inc.,115 N.J. Law 360. Whether a new affidavit could now be filed, I need not consider.
Bill dismissed. *Page 546