This matter came before me on final hearing on November 10th, 1947. At the termination of the hearing, I informed *Page 126 
counsel that the interpleader suit would not lie for the reason that complainant had entered into a separate contract with Beatrice Brady (Kellog), one of the defendants. See CarrierCorp. v. Bedworth, Inc., 125 N.J. Eq. 163.
Complainant argued that my decision was erroneous and that the above cited case was not applicable for the reason that it was apparent on the face of the separate contract that the complainant had not incurred any liability thereunder since the rate of commission on the dollar or the amount of the commission was not stated therein. See R.S. 25:1-9; Hueth v. Stevenson,100 N.J. Law 1.
Complainant insists that since the separate contract is not valid and enforceable, the complainant is entitled to a decree that the defendants interplead their claims. The contention of the complainant may be stated as follows: Even though a separate obligation be entered into by a complainant seeking interpleader with one of the defendants, the complainant is, nevertheless, entitled to his decree unless it is manifest that such separate obligation is valid and enforceable. In Pom. Eq. Jur. (5thed.), § 1326, the author in referring to an independent undertaking incurred by a complainant with one of the defendants in an interpleader action says:
"Even if the acknowledgment or promise (of the complainant) has been obtained by fraud or mistake, the right of the party thus deceived to be relieved in equity from his liability cannot be considered and sustained in an interpleader suit."
This rule is well stated in Standley v. Roberts,59 Fed. Rep. 836, 841, wherein the court said:
"If the holder of the subject-matter in dispute has placed himself under an independent personal obligation to one or more of the claimants, by which his liability to deliver the thing or pay the debt in question may be determined without a decision of the controversy between the claimants, it is plain that no litigation between the latter can ascertain the rights of the holder or debtor upon his personal obligation. Nor does the fact that the latter claims that his personal agreement was obtained by the fraud or misrepresentation of the obligees relieve the embarrassment, or except the case from *Page 127 
this rule. The question presented by such a claim arises entirely between the parties to the personal obligation of the holder or debtor. It is nothing to the other claimants, nor are they interested in, or proper parties to, the litigation over it."
In the pending case the question presented as to the validity and enforceability of the separate contract arises entirely between the complainant and the defendant, Brady (Kellog), who are the parties to the said separate obligation. The other defendant, Rossy, is not interested in or a proper party to the litigation with reference to said separate contract. The question whether the separate contract is invalid and unenforceable is a matter of defense which the complainant may interpose in an action on the contract.
I have, therefore, concluded the bill should be dismissed and the restraint lifted.