The complainant seeks to interplead. It is engaged in the sales and service of automobiles in the Borough of Westwood, County of Bergen, State of New Jersey. On or about November 20th, 1947, it caused advertisements to be inserted in the local newspaper publications as follows: "Mr. and Mrs. Pascack Valley, Red Letter Day Coming Your Way! Who? What? When? Why? Where?"
On November 25th, 1947, it caused the same advertisement to be published in the local newspapers and adding the words, "December 6, 1947."
On or about December 3d and 4th, 1947, it mailed a circular letter to residents of the "Pascack Valley and the designated towns of Closter, Harrington Park, Hillsdale, Northvale, Park Ridge, Rivervale, Rockleigh, Westwood and Woodcliff Lake, all being towns in Bergen County and in complainant's sales territory." It was addressed to "Dear Resident of Pascack Valley" and explained how the recipient to whom it was addressed might obtain a new 1948 Ford car if when attending complainant's "open house" to be held at its showrooms on December 6th, 1947, the envelope containing the letter was left with complainant any time from 7:00 A.M. to 7:00 P.M. on said date, to be included in a drawing to be held at 7:30 P.M. on the same day.
There was no charge for participation in the drawing and the person whose envelope was drawn was not required to be present at the drawing to obtain a Ford car.
On December 5th, 1947, the complainant caused advertisements to be published in the local papers explaining the previous advertisements and the "red letter" above mentioned, which described the persons eligible to participate in the drawing, as follows:
"Who? . . . For the residents of Pascack Valley . . . the men and women who live in CLOSTER * HARRINGTON PARK * HILLSDALE * NORTHVALE * PARK RIDGE * RIVERVALE * ROCKLEIGH * WESTWOOD * WOODCLIFF LAKE."
The bill alleges that on December 6th, 1947, complainant's "place of business was opened at the hours indicated for inspection *Page 84 
by its customers and residents of the towns set forth above. Copies of said advertisements and `red letter' were prominently displayed at the counter where information concerning said drawing was available and were further prominently displayed in said showrooms on and about a barrel which complainant provided for its guests to deposit the envelopes aforesaid."
It is further alleged that "at 7:30 P.M. on December 6th, 1947, complainant proceeded with the drawing to determine the winner of said Ford automobile, which drawing was conducted by Honorable Edward Lindemann, mayor of the Borough of Westwood, Bergen County, New Jersey. At the said time and place said Edward Lindemann withdrew from the barrel, containing the envelopes and letters, one envelope which set forth the name of one Florence Blumenberg, the address given on said envelope for the said Florence Blumenberg was 105 North Main Street, Pearl River, New York. The said envelope also indicated the type of car desired as coupe."
Upon the announcement that the said Florence Blumenberg was the winner, objection was made by those in attendance that she did not qualify as a participant in the drawing because her envelope indicated her address as 105 North Main Street, Pearl River, New York, which town is not within complainant's territory, and is not and was not one of the towns included in the advertisement enabling the residents thereof to participate in the drawing.
The bill further alleges "Said objection appearing valid and substantiated by the information supplied by the said Florence Blumenberg on her letter of entry, the complainant caused an alternate name and envelope to be withdrawn from said barrel containing said envelopes. Said second drawing resulted in the name of one Joseph Rosenstengel of 87 Madison Avenue, Park Ridge, New Jersey, to be drawn and the said Joseph Rosenstengel designated a Ford four door sedan as his choice of car."
The complainant asserts that the said Florence Blumenberg and the said Joseph Rosenstengel each claim to be the winner of the drawing and each demand a Ford automobile. *Page 85 
The complainant says it "has been and is unable to determine to which of the aforesaid defendants the said Ford automobile rightfully belongs and to whom the same should be delivered." It indicates that it is willing to deliver a Ford automobile to such person as is lawfully entitled to receive the same by virtue of the rules of complainant's invitation.
The letter issued by the complainant as hereinabove indicated advised the recipient of the letter that the recipient could win a new 1948 Ford automobile by meeting five designated requirements, to wit: (1) Coming to the opening of the company establishment on the date set forth. (2) Presenting the red letter envelope. (3) The red letter would represent the stake in the drawing for the 1948 car. (4) The drawing would be held at 7:30 P.M. on Saturday, December 6th, 1947; and (5) The winner would receive a brand new 1948 car in any current body type desired.
It is not disputed that the letter aforesaid was addressed to the defendant Florence Blumenberg, and that she received it; neither is it disputed that on the day in question she deposited the letter in the box or barrel mentioned in the bill of complaint. And it is not disputed that her name was announced as the winner when the drawing took place.
The essential requirements to sustain a bill of interpleader are:
(1) Claimants claim the same thing by different or separate interests.
(2) The complainant has no interest in the subject-matter.
(3) The complainant is in possession of the fund.
(4) The complainant is under no independent liability to either of the defendants.
Counsel for Florence Blumenberg contends that the controversy does not involve the same subject. He points to paragraph 8 of the bill which alleges that the defendant Florence Blumenberg had designated a "coupe" type of car; while paragraph 10 of the bill indicates that the defendant Joseph Rosenstengel designated a "four door sedan" type of car. The latter car, it is contended, has a greater value than a "coupe," which has two doors, while the "four door sedan" is a different body type of automobile. He argues that the *Page 86 
two automobiles do not represent a common fund or a common thing, in consequence of which a bill of interpleader will not lie.
An element or an essential of a bill of interpleader is that the complainant shall be under no independent obligation or separate liability to either of the defendants. It is contended that such is not the case here. The complainant, and it so admits in its complaint, tendered an offer to those persons to whom the letters were addressed. The acceptance thereof was indicated by the depositing of the envelope in the complainant's box or barrel on the designated day at the company's place of business in Westwood.
The defendant Florence Blumenberg, receiving one of the addressed circular letters, accepted the complainant's offer by attending the complainant's showrooms and depositing the envelope addressed to her in the barrel used for the drawing, whereupon a contract came into existence between the parties. However, the complainant permitted a second drawing to take place, which it is contended is a violation of the conditions laid down by the complainant in its letter and advertisements. The confused situation resulted wholly from the complainant's conduct. Certainly the contending defendants are in no way responsible for the involved circumstances. The complainant invited the defendant Florence Blumenberg to participate in the drawing by enclosing a circular letter in an envelope addressed to her at Pearl River, New York. She accepted the invitation and complied with the stated rules. If her invitation were carelessly issued, then the complainant is at fault and is bound by its negligence.
In the case of Standley v. Roberts (Eighth Circuit),59 Fed. Rep. 836, quoted in Phillips v. Brady, 141 N.J. Eq. 125;56 Atl. Rep. 2d 427, the court among other things said:
"If the holder of the subject-matter in dispute has placed himself under an independent personal obligation to one or more of the claimants, by which his liability to deliver the thing or pay the debt in question may be determined without a decision of the controversy between the claimants, it is plain that no litigation between the latter can ascertain the rights of the holder or debtor upon his personal obligation." *Page 87 
An interpleader suit is not aimed to protect a person from a double liability. Its office is to eliminate double vexation of a single liability. Where it appears that the complainant is responsible to both claimants, then interpleader proceedings cannot be entertained. It is of the essence of an interpleader suit that the complainant shall be liable to one only of the claimants; and the relief which the court grants is against the vexation of two proceedings on a matter which may be settled in one suit.
Vice-Chancellor Bigelow in Leader Holding Corp. v.McLintock, 121 N.J. Eq. 542; 191 Atl. Rep. 768, said that:
"The relations between the parties present several possibilities: Complainant may be indebted to Mrs. McLintock for $825, being the balance of the stipulated commission, and it may also be obligated to pay Brody for his services. Or complainant may be indebted to Mrs. McLintock and she may be indebted to Brody. Such situations would not be the basis for interpleader, since the defendants would not claim the same debt."
I feel that the controversy between the complainant and the defendants was occasioned by the complainant's own conduct and in the circumstances it cannot maintain an interpleader suit; to grant it here, would in effect grant exoneration to complainant and relieve it from the consequences of its own negligence. It is clear that complainant by its own acts made two separate contracts.
The law is well established that "If a party has in any way made himself liable, even for the same demand, to two claimants, he is not entitled to an interpleader. It is the essential fact that he should actually be liable to only one of the claimants."4 Pom. Eq. Jur. (5th ed.) 904. See Maxwell v. Winans,96 N.J. Eq. 178; 125 Atl. Rep. 38; Camden Safe Deposit and TrustCo. v. Barbour, 117 N.J. Eq. 401; 176 Atl. Rep. 313; EquitableLife Assurance Society v. Kelsey, 124 N.J. Eq. 38;199 Atl. Rep. 590.
"Where there is no privity between the claimants, where their titles are independent, not derived from a common source, but each asserted as wholly paramount to the other, the stakeholder is obliged, in the language of the authorities, to defend himself as well as he can *Page 88 
against each separate demand; a court of equity will not grant him an interpleader." 4 Pom. Eq. Jur. (5th ed.) 908-909 ¶1324.
Embarrassment of conflicting claims and the peril of double vexation must not be caused by an act on the part of the party seeking to interplead. See Graham v. National Bank of Smyrna,118 Atl. Rep. 325.
A bill of interpleader requires that adverse claims shall be to the same thing and derived from a common source, and that the person seeking relief have no claim on the subject-matter or have incurred any independent liability to either claimants. RepublicCasualty Co. v. Fischmann, 99 N.J. Eq. 758; 134 Atl. Rep. 179.
I shall advise an order to conform to the views above outlined.