The Chancellor.
On the fourth of September, 1861, the complainants, Briant and Atno, gave tlioir promissory note for $540.80, payable to A. B. Jennings, or order, at the Iron Bank, in six months from date. In October, 1861, the money owing upon said note was attached in the hands of the makers, by virtue of a writ of attachment, issued out of the Morris Circuit, at the suit of A. and F. Reed. The suit is still pending, auditors having been appointed to audit and adjust the demands of the plaintiffs and of the other applying creditors. On the twenty-seventh of February, 1862, Andrew Lemassena notified the complainants that he was the holder of the note, and he subsequently informed them that he had purchased the note, on the eighteenth of February, for a valuable consideration; that he was the bona fide holder thereof, without notice that the same had been attached, and if not paid to him at maturity, suit would be brought against the makers. The complainants then offered to pay Lemassena the amount of the note at its maturity, if he would indemnify them, which he declined to do. The complainants thereupon deposited the money in this court, and filed their *274 bill of interpleader against the plaintiffs in attachment and against the endorsee of the note, praying that they may interplead, and settle their respective demands between themselves, and that in the meantime they may be restrained from proceeding at law against the complainants. An injunction issued pursuant to the prayer of the bill. Lemassena, the endorsee of the note, now moves to dissolve the injunctión, upon the ground that the case made by the bill is not a proper case for a bill of interpleader.
The complainants, by their bill, admit their indebtedness upon a promissory note, drawn by them in favor of Jennings, and payable to his order. They charge that while the note remained in the hands of the payee, and before its maturity, the debt was attached in their hands, by virtue of a writ of attachment issued against Jennings, the payee; that they were subsequently notified that after the service of the attachment, but before the maturity of the note, it was endorsed by the payee to Lemassena, who claims the amount due upon the note. The claimants of the debt are the attaching creditors on the one hand, and the endorsee of the note upon the other. It is insisted that the note is clearly the property of the endorsee, and not of the attaching creditors.
1. Because an attachment against an absent or absconding debtor cannot be levied upon a debt due upon negotiable paper before its maturity.
In accordance with the requirement of the statute, the writ of attachment commands the sheriff to attach the rights and credits, moneys and effects, goods and chattels, lands and tenements of the debtor, wheresoever they may be found. The statute moreover declares that the writ shall bind the property and estate of the defendant, so attached, from the time of executing the same. A debt due to the defendant in attachment upon negotiable paper before its maturity is no less a right or credit of the defendant than a debt due upon the same paper after maturity or upon paper not negotiable. Debts due upon negotiable paper, therefore, whether before *275 or after maturity, are by the terms of the statute made liable to attachment. The statute makes no distinction between commercial paper and securities not negotiable, and it is difficult to perceive upon what principle a debt due to a defendant upon negotiable paper, which remains in the hands of the defendant, should not be held liable to attachment, as well before as after maturity. If after attachment, but before maturity, it passes into the hands of a bona fide holder for value without notice of the attachment, another and very different question is presented for solution.
■ The liability of commercial paper to attachment has undergone much discussion elsewhere, but it is believed to be a new question in the courts of this state.
It is conceded by counsel that it is not with us res adjudicaba. It is neither necessary nor proper that the court, upon this motion, or even upon a demurrer to the bill, should decide the question. That is a point to be settled between the claimants to the fund, and in which the complainants have no interest. All they ask is to be protected from litigation, and to that they are entitled, unless the claim of one of the parties is entirely free from doubt. The construction of the statute contended for by the counsel of the defendant certainly could not be regarded as free from doubt (to use no stronger term) until it should receive the sanction of judicial determination.
But the counsel of the defendant was not understood as resting his case upon this proposition, but mainly upon the ground that the attachment of a debt due upon negotiable paper, though valid as against the defendant in attachment, will not affect the title of a bona fide holder of the paper before maturity for a valuable consideration, though his title •was acquired after the service of the attachment. This point, like the preceding, so far as I am aware, has not been judicially decided in this state; and although the weight of authority elsewhere may, as counsel contends, be decidedly in its favor, yet it cannot be said to be so entirely free from doubt as to require that the complainants should^tct upon it *276 without indemnity, and thus incur the hazard ■ of litigation. But assuming that the principle, as stated, is free from doubt, does it show that there is no equity in the complainants’ bill ?
It is essential in every bill of interpleader that the com-, plainant should show that each of the defendants claim such a right as they may interplead for. The complainant must at least show that there is some doubt, in point of fact, to which claimant the debt or duty belongs, so that he cannot safely pay, or render it to one, without the risk of being made liable for the same debt or duty to the other. If, therefore, he states a case in his bill which shows that one defendant is entitled to the debt, and the other is not, both defendants may demur. Mitford’s Pl., by Jeremy, 142; 2 Story's Eq. Jar., § 821; Story’s Eq. Pl., § 292; Shaw v. Coster, 8 Paige 339, 347.
It is urged that the claim of the endorsee of the note, as stated in the complainant’s bill, is clearly superior to that of the attaching creditor, and therefore that the bill, under the operation of the principle just stated, cannot be maintained. The bill states that Lemassena claims to be the bona fide holder and owner of the note for a valuable consideration without notice that the same had been attached at the time of the transfer. The argument, on the part of the defendant, proceeds entirely upon the assumption that the bill admits the facts upon which Lemassena rests his claim to be true. But there is nothing upon the face of the bill to show that the facts are as alleged, nor do the complainants admit them. If it be admitted that the legal presumption is that the holder of negotiable paper endorsed before maturity is a bona fide holder for value, still it is but a presumption which may be denied by the attaching creditor and may be overcome by evidence. If the bill had stated that the attaching creditor not only claimed to be entitled to the debt, by virtue of the attachment being executed before the transfer of the note, but also because the transfer to Lemassena was colorable or fraudulent, or made with notice of the attachment, or without valuable consideration, it would be *277 seen at once that the case made by the bill was not free from doubt. But it is the duty of the complainant in a bill of interpleader simply to state the claim of the respective parties. A claim is a ground of interpleader. Langston v. Boylston, 2 Vesey 107; Morgan v. Marsack, 2 Mer. 106; Balchen v. Crawford, 1 Sandf. 382.
But a denial of the facts relied upon by the holder of the note to support the validity of his claim was no part of the claim of the attaching creditor. It was enough for him to claim, by virtue of the service of the attachment, prior to the alleged transfer of the paper from the defendant in attachment. That was all the claim the complainants were bound to set out in their bill. Whether the claim of the attaching creditor rests merely upon the priority of the service of the attachment, to the transfer of the note, or upon an allegation of fraud, or want of consideration in the transfer, formed no necessary part of the bill. It is not necessary nor proper for the complainant to state the case of the claimants. He is only to set out the claim as made to him. It is enough for him to satisfy the court that there are opposing claims against which he is in equity entitled to protection until they are settled so that he can pay with safety. Ex’rs of Lozier v. Vansaun’s Admr’s, 2 Green’s Ch. R. 329; Balchen v. Crawford, 1 Sandford’s Ch. R. 382; Yates v. Tisdale, 3 Edw. Ch. R. 74.
The objection in this case goes rather to the frame of the bill than to its substantial equity. If the objection be well founded, it is of a character which may be obviated by an amendment. This motion, therefore, might properly have been disposed of, in accordance with the practice of the court, by putting the defendant to his demurrer without disposing of the questions discussed upon the argument. But the question has been examined with the aid of a thorough examination by counsel, and the result is now announced, that counsel may be apprized of the views of the court without a re-argument or the necessity of a resort to demurrer.
The motion is denied.