Ireland *v.* Kelly.

SAMUEL IRELAND

*v.*

HANNAH F. KELLY et al.

[Filed August 25th, 1900.]

1. Under rule 213 a defendant must move to strike out a bill while the pleadings are in that condition in which he could demur to it.

2. A bill alleged that complainant owed defendant a certain sum; that complainant had been notified that by an agreement between defendant

Ireland *v.* Kelly.

and a third person the latter was entitled to one-half that sum; that such person had warned complainant not to pay that half to anyone but himself, and that complainant did not know to whom it belonged, and asked that defendant and such third person might interplead, and be enjoined from further prosecuting a suit at law until decree. Defendant denies that there was any such agreement, and insists that she alone is entitled to the fund.—*Held*, that a motion to dissolve the preliminary injunction restraining the suit at law, on the ground that the answer denies every fact on which complainant's equity depends, will not be granted, since the answer simply denies the existence of the agreement, and is not responsive to complainant's bill.

3. Under the Chancery act providing that complainant may pray that defendant answer without oath, &c., the rule that a preliminary injunction will be dissolved when a responsive answer, under oath, by a defendant having knowledge of the transactions, denies the facts on which the equity of the bill depends, is unaffected by the fact that complainant, in his bill, waives an answer under oath.

4. Where a person claims a fund because of an admitted contract with the holder of the fund, and another person claims a portion of such fund because of an agreement with the admitted contractor, the holder of the fund may file a bill for interpleader, and it is not necessary, to entitle the holder to file such bill, that the claimants each assert a right arising out of some alleged contract with such holder.

On bill for interpleader, &c. Motion to strike out bill, &c.

*Mr. Clarence L. Cole,* for the complainant.

*Mr. Enoch A. Higbee,* for the defendants.

GREY, V. C.

The defendant Kelly has fully answered the bill. She now moves to strike it out under rule 213, "for the reason that the bill, if true, does not show the proper case for interpleader, and for the further cause that the answers filed by the defendant in this suit show that it is not a proper case for interpleader."

The motion of the defendant is equivalent to a demurrer to the bill, which she has chosen to answer fully. The rule invoked provides that "any objections to a pleading or any part thereof may be made and adjudicated upon without the filing of a demurrer or exceptions," &c.

This rule has been interpreted to mean that the complainant's motion to strike out an answer takes the place of exceptions to

an answer. The motion of the defendant to strike out a bill takes the place of a demurrer to a bill. The rule is intended, in case parties avail themselves of it at the proper time, to avoid the more dilatory procedure theretofore in use. But it is not intended to disarrange the whole order of pleadings, and to enable a defendant after he has fully answered a bill, to move to strike it from the record. He can move to strike out a bill instead of demurring to it, and must have to strike out while the pleadings are in that condition in which he can demur to the bill. The defendant in this case having fully answered, cannot now demur, and having no standing to demur, she cannot move to strike out. The rule substitutes a rapid remedy in the place of a slow one, but does not enable parties who have recognized the efficacy of a pleading to move to strike it out. *Leslie* v. *Leslie, 5 Dick. Ch. Rep. 155; Doane* v. *Essex Building Association, 45 All. Rep. 537; Brill* v. *Riddle Co. (May, 1900).*

In this situation of the pleadings, the merits of the objections to the bill of complaint cannot be considered. The motion to strike the bill from the record should be refused.

The defendant Mrs. Kelly having answered the bill under oath, also moves to dissolve the injunction, claiming that she has denied every fact upon which the equity of the complainant depends.

The bill of complaint alleges that the complainant owed a certain sum for commissions on the sale of land to the defendant Mrs. Kelly, and that the complainant has been notified that by an agreement between Mrs. Kelly and the defendant Repetto, the latter is entitled to one-half of that sum, and that he has warned the complainant not to pay that half to anyone but himself.

The complainant has paid to Mrs. Kelly the one-half but retains the other, the ownership of which is in dispute. Mrs. Kelly is suing him in the law court to recover this residue. Repetto still claims it, and the complainant insists that he is unable to know to whom it belongs, or safely to pay it to either, and asks an answer without oath, and that the defendants Kelly and Repetto may interplead, &c., and be enjoined until decree.

On the bill and its prayer a preliminary injunction has been

granted restraining Mrs. Kelly and Mr. Repetto from suing for the fund in dispute.

Mrs. Kelly has answered the bill, under oath, denying that there was any such agreement between her and Mr. Repetto, and insisting that she alone is entitled to the fund. It is on this answer that she now moves to dissolve the injunction which restrains her suit at law.

The rule that a preliminary injunction will be dissolved when a responsive answer under oath, by a defendant having knowledge of the transactions, denies the facts upon which the equity of the bill depends, is so well settled that authority need not be cited to sustain it. The rule is unaffected by the fact that the complainant in his bill waives an answer under oath. *Gen. Stat. p. 376* § *23* (*Chancery act*).

The counsel for the defendant Mrs. Kelly insists that her denial that there was any agreement between herself and Mr. Repetto, shows that the fund is due to her alone, and that consequently there is no fact undenied on which the equity of the complainant can stand. But the equity of the bill does not consist in the fact that there is an acknowledged and established agreement on the part of Mrs. Kelly that Mr. Repetto should have one-half of the fund. The complainant's equity is that Repetto claims to have such an agreement; that Mrs. Kelly disputes it, and that the complainant, not knowing whether the claim is just or not, fears to pay either party. Mrs. Kelly does not deny that Mr. Repetto claims the fund; what she denies is the justice of his claim. It is the danger to which the complainant is subjected if he decides to pay either which constitutes his right to the protection of this court. Nothing in Mrs. Kelly's answer shows that the complainant is relieved of this danger.

On the contrary, the more strenuously the disputing defendants assail each other's claims, the more apparent it is that the complainant ought not to be compelled to decide between them, and stand the chances of a law suit because of his decision either way.

The defendant Mrs. Kelly insists that the complainant admits an obligation to pay the fund to her, but sets up no contract on his part to pay Mr. Repetto. She contends that an interpleader

bill cannot be sustained unless the disputing defendants each assert a right arising out of some alleged contract with the complainant.

The essential incident of the equity which justifies an interpleader is that the complainant, so far as his own acts are concerned, is under but a single liability to pay or deliver the fund or thing in dispute, and yet he is called upon to pay or deliver to two or more contesting claimants. The complainant in such cases having no interest in the fund or thing in dispute, it is inequitable that he should be compelled to take the risk of determining which of the conflicting claims is superior. *Packard* v. *Stevens, 46 Atl. Rep. 250.*

This condition of disputing claims upon the same fund may arise from so many causes that it is difficult to define any limitation which must deprive the holder of the fund of his right to be protected. The fact that one party claims because of an admitted contract with the holder of the fund, and the other by some claimed arrangement with the admitted contractor, will not exclude the holder of the fund from his right to be protected. All claims arising under equitable assignments are within this class. Those arising under building contracts are quite familiar. In these cases the owner (the holder of the fund) only contracts to pay the builder who claims payment. But perhaps half a dozen other persons assert claims on the same fund upon what they contend are equitable assignments from the builder, or other rights against him, in the creation of which the holder of the fund has no part. It is common practice in such cases for the owner to pay the money into court and file a bill for interpleader to compel those who make these conflicting claims on the fund to settle their disputes between themselves. Those cases, many of them, do not set up any contractual relation between the disputants and the holder of the fund, except as may have arisen by operation of law because of some act of the builder or of the claimants themselves.

The allegation of the complainant in this case is that Mr. Repetto claims that by an agreement between him and Mrs. Kelly, he is entitled to have one-half of the fund, and that he has notified complainant not to pay this one-half to anyone but himself.

On this claim of Mr. Repetto it may appear that he holds an assignment of the fund from Mrs. Kelly. The complainant does not know until the proofs come in what the nature of the agreement between the two claimants is.

Until he does, he cannot safely pay either. His equity lies in his right to be protected from two suits by different claimants, on a fund in which he admits he has no interest.

The whole of this equity is dependent upon the maintenance of the present situation until decree, for if he must respond to suits at law by the different claimants, he will before final decree have suffered all the injury which his unfortunate position may inflict upon him.

The preliminary injunction should not be dissolved until final decree.