ATLANTIC CITY NATIONAL BANK

*v.*

MARY D. THOMPSON AND ESTATE OF ROBERT L BROWNFIELD,
deceased.

[Submitted June 2d, 1913.   Decided June 25th, 1913.]

1. A bank which received a note from a depositor for collection for the latter's use, and which enters the note in her individual pass-book for collection and credit to her account, thereby creates the relation of bailor and bailee between the depositor and the bank, and the bank may not interplead her with one claiming the fund by paramount title.

2. Bailees, agents or tenants may interplead their bailors, principals or landlords and a third person setting up an opposing claim only where the title of the opposing claimant is derivative and not antagonistic, and paramount to that of the bailor, principal or landlord.

Bill of interpleader with prayer for injunction.   Hearing at return of order to show cause for injunction.

*Mr. John C. Slape,* for the complainant.

*Mr. Lee F. Washington* and *Mr. Charles C. Babcock,* for the defendants.

LEAMING, V. C.

I think it clear that complainant is not entitled to enjoin the further prosecution of the suit at law by defendant Mary D. Thompson.

By the verified answer of that defendant it appears that she deposited the note with complainant bank for collection for her own use, and that the bank entered the note in her individual pass-book for collection and credit to her account.   That transaction created the relationship of bailor and bailee between her and the bank, and the bank is not, in consequence, now privi-

leged to interplead her with one claiming the fund by a paramount title. The case of the *First National Bank of Morristown* v. *Beninger, 26 N. J. Eq. (11 C. E. Gr.) 345*, is conclusive to that effect. The case of *Third National Bank of Boston* v. *Skillings, 132 Mass. 410*, is to the same effect, and is practically identical with the present case.

The only instances in which bailees, agents or tenants are permitted to interplead their bailors, principals or landlords and a third person setting up an opposing claim to the thing, fund or duty appears to be in cases in which the title of the opposing claimant is derivative under, and not antagonistic and paramount to, that of the bailor, principal or landlord; that is, where the adverse claim originates from some act of the bailor, principal or landlord done or suffered after the commencement of the bailment, agency or tenancy and causing a dispute as to which of the parties is entitled to the thing, fund or duty. This is clearly set forth in *Pom. Eq. Jur.* § *1327*, and in *1 Pom. Eq. Rem.* § *54*. I am unable to adopt the view that a privity of contract can be found in the circumstances antecedent to the bailment as set forth in the bill.

I will advise an order discharging the order to show cause.