SAMUEL F. LEBER and MEYER E. RUBACK, partners, &c.,

*v.*

ROSIE ROSS et al.

[Submitted April 6th, 1921. Decided April 16th, 1921.]

1. Attorneys who represent both parties in the matter of a sale of land, and retained some of the purchase price to answer for a judgment, are trustees for both parties, and may maintain interpleader in a proper case.

2. The practice of the court in such cases should be liberal to persons desiring protection in making payments where it is doubtful to whom the money belongs.

On motion to dismiss bill.

*Messrs. Leber & Ruback,* for the complainants.

*Messrs. Silberman & Grossman,* for the defendants.

FOSTER, V. C.

This is a motion to dismiss complainants' bill of interpleader on the ground that the averments of the bill do not show complainants entitled to the relief.

The situation disclosed by the bill is that complainants are lawyers practicing as partners in the city of Newark, and as such, in the month of January, 1921, they acted as attorneys for

the defendant Rosie Ross, then trading as the Ross Theatre Company, and also for the Charlton Realty Company, in connection with the assignment, or surrender, of a lease on the Metropolitan Theatre in Newark. About January 17th, 1921, the transaction was closed and Mrs. Ross received the entire purchase price, except $450, which was left with complainants for the purposes set forth in an acknowledgment reading as follows:

"NEWARK, NEW JERSEY,
January 17, 1921.

We hereby acknowledge the receipt from Rosie Ross of the sum of four hundred fifty ($450) dollars which we are to hold as security that said Rosie Ross will vacate said Metropolitan Theatre, Newark, N. J., on February 3d, 1921, at noon, and will pay all claims in connection with the operation of said theatre incurred by her, such as electric bills, etc. Upon said vacation and payment the said sum of four hundred and fifty ($450) dollars shall be at once returned, otherwise to be forfeited to the Charlton Realty Company.

LEBER & RUBACK,
By MEYER E. RUBACK."

On February 2d, 1921, Nathan Salzman and Hyman Harris recovered judgment in a Newark district court against Samuel Ross, husband of Rosie Ross, for $500; execution was issued thereon, and on or about February 3d, a levy was duly made upon the fund of $450 in the hands of complainants, on the ground that the fund is the property of Samuel Ross, alleged to be the real owner of the leasehold interests surrendered by Rosie Ross to the Charlton Realty Company; and said judgment creditors further notified and warned complainants they would seek recourse against them by suit if they paid said money to Rosie Ross. Subsequently, on or about February 3d, Rosie Ross notified complainants that she had performed and discharged all of the matters which she was required to do to entitle her to the payment of the fund of $450, and she thereupon demanded the payment of the same.

On February 14th, Rosie Ross brought suit against complainants in the district court for the recovery of this fund, which complainants had declined to pay her, in view of the conflicting claim thereto made by the judgment creditors, and because they were unable to determine to whom the fund should be paid;

and they express themselves in the bill as ready and willing to pay the fund into court.

In support of the motion to dismiss, it is contended that under the facts stated, complainants are either the agents or bailees of Rosie Ross; and numerous authorities are cited to show that as such they are not entitled to file a bill of interpleader.

As I view the situation, complainants are neither agents nor bailees of Mrs. Ross; rather they are trustees of a fund deposited with them by and in the interest of both parties concerned in the surrender of the lease. And, in the present condition of the pleadings, I am unable to say that the claim of the judgment creditors of Samuel Ross to the fund are so groundless that complainants are not entitled to the protection of an interpleader and should be compelled to take the risk of paying or ignoring their claim.

In a somewhat similar situation, Chancellor Williamson, in *Lozier* v. *Van Saun, 3 N. J. Eq. 325,* held that—

"The practice of the court has been liberal in favor of persons standing in the situation of stakeholders or agents, having no interest in the property claimed, and only desiring honestly to pay it where it is justly due. It has proceeded on the principle that they have a right to protection, not from being compelled to pay, but from the vexation attending all the suits that may possibly be instituted against them."

See also *Briant* v. *Reed, 14 N. J. Eq. 271* (at *p. 277*); *Wakeman* v. *Kingsland, 46 N. J. Eq. 113,* and *Packard* v. *Stevens, 58 N. J. Eq. 489* (at *p. 497*).

And the principle there recognized and applied is particularly applicable to the situation of these complainants, who it appears cannot be protected in any other way than through the aid of this court, from litigation respecting the fund in which they have no interest, and about the real ownership of which they have no knowledge, and which is admittedly insufficient to satisfy the conflicting claims to it.

It is a matter of common knowledge that the position of complainants as custodians of part of the purchase price in this transaction is one of almost daily occurrence connected with the transfer of title to real estate in which attorneys, or settlement officers of title companies, have entrusted to them part of the

purchase price in the transaction, and which is to be paid only when certain features of the title have been adjusted or settled; and to hold that such custodian must litigate with every claimant to the fund at his own expense, and probably without knowledge of the facts, would not only be inequitable but would be a standing invitation to designing parties, or parties acting in secret concert, to file claims against the fund which the custodian could pay or refuse to pay at his peril. Such is the contention now made in support of this motion, to the effect that complainants must pay Mrs. Ross and personally litigate the claim of the judgment creditors of her husband, Samuel Ross. I am both unable and unwilling to adopt this view of the matter, and I am likewise unwilling to adopt the suggestion that the principle followed in *Lozier* v. *Van Saun, supra,* is antiquated and should not be followed. On the contrary, this principle was never more active and effective and beneficial than it is to-day; and that there was never more need for its application is apparent from the circumstances of the present case.

I will advise that the motion to dismiss be denied, with costs.