On June 4th, 1926, a judgment was entered in the Essex county circuit court in the sum of $2,458.44 against the complainant and in favor of Lena Fischmann and Samuel A. Fischmann, in an action on a contract of burglary insurance. On the same day, Samuel A. Fischmann assigned to Lena Fischmann all his right, title and interest in that judgment, and notice of said assignment was immediately served upon complainant. Lena Fischmann claims to be entitled to receive the entire amount due on this judgment, both in her own right and by virtue of said assignment. On June 14th, 1926, execution was issued out of the second district court of Newark on a judgment obtained by the defendant Lustbader against Samuel A. Fischmann, and levy under this execution was made on Samuel A. Fischmann's rights and credits in this fund, and an order was made by the said district court directing complainant to show cause why the execution should not be paid out of the fund in its hands. Numerous other executions under judgments against Samuel A. Fischmann were issued and levies made thereunder on the same fund, and rules to show cause likewise issued, whereupon complainant filed this bill asking permission to pay the amount due on the judgment into this court, alleging his inability to determine to whom the fund belongs, and asking that the several defendants be required to interplead. This motion is made on behalf of Louis Lustbader, one of the defendant judgment creditors of Samuel A. Fischmann. In support of the motion it is argued that the bill should be dismissed, first, because there is no privity between the *Page 760 
claimants, their titles are independent and not derived from a common source; and second, that the assignment from Samuel A. Fischmann to Lena Fischmann is void, because it is a contract between husband and wife, and that Lena Fischmann took no rights thereunder.
The second point urged may be first disposed of by the statement that the validity of this assignment is not here in issue, and the facts and circumstances upon which the argument of counsel on this point is based are not properly before the court; and aside from this, the assignee claims to be entitled to the fund irrespective of the assignment.
The essential requirements of a good bill of interpleader are —
1. The same thing, debt or duty must be claimed by both or all the parties against whom the relief is demanded.
2. All of their adverse titles or claims must be dependent or be derived from a common source.
3. The person asking the relief — the plaintiff — must not have nor claim any interest in the subject-matter.
4. He must have incurred no independent liability to either of the claimants — that is, he must stand perfectly indifferent between them in the position merely of a stakeholder. Pom. Eq.
§§ 1322, 1464; see, also, Fletch. Eq. Pl. Pr. § 773.
That the first, third and fourth of these essential requirements are fulfilled in the instant case is not denied. The argument in favor of the first point in support of this motion seems to be based upon the idea that the second of these requirements contemplates that the rights of the respective claimants to the fund must be derived from the stakeholder or person who has custody of the fund claimed, and the case ofRowe v. Gouse, 2 N.J. Mis. R. 829, is cited in support of this argument. According to Pom. Eq. §§ 1324, 1468, referred to by Vice-Chancellor Bentley in the above case —
"A second requisite is, that the adverse title of the claimants must be connected, or dependent, or one derived from the other, or both derived from a common source. It is not every instance of conflicting *Page 761 
claims against a person for the same thing, debt or duty which will entitle him to the remedy of an interpleader. Where there is no privity between the claimants, where their titles are independent, not derived from a common source, but each asserted as wholly paramount to the other, the stakeholder is obliged, in the language of the authorities, to defend himself as well as he can against each separate demand; a court of equity will not grant him an interpleader."
With this principle I am in entire agreement, but, as I understand the rule, it is not necessary that the rights of the respective claimants be derived from the stakeholder or custodian of the fund. Fletch. Eq. Pl. Pr. (note); Ireland v.Kelly, 60 N.J. Eq. 308; Lapenta v. Lettieri, 72 Conn. 377;44 Atl. Rep. 730.
A familiar example of this rule is found in the interpleader suits instituted in mechanics' lien cases, where, in most instances, the claims to the fund are not derived directly from the stakeholder. It is sufficient if the claim or title comes to or is derived from one who has a claim against the complainant or who is in privity of contract with him. Pom. Eq. Jur. §§ 1327,1477 (note); Briant v. Reed, 14 N.J. Eq. 271.
In the instant case the title or claim of the defendant Lena Fischmann, at least, to a portion of the amount due on the judgment, is derived from her husband, Samuel A. Fischmann, by virtue of the assignment above referred to. The title or claim of the judgment creditor defendants is also derived from Samuel A. Fischmann. The claims of these defendants are directed against the interest of Samuel A. Fischmann only, which is the same interest in the fund claimed by Lena Fischmann under the assignment. The rights of all the defendant are therefore derived from a common source within the meaning of the rule. I am unable to distinguish the present case in principle from Lozier v.Van Saun, 3 N.J. Eq. 325, and Leber v. Ross, 92 N.J. Eq. 535.
The motion to strike out the bill and to dissolve the restraint imposed by the order to show cause herein will be denied. *Page 762