THE TRUST COMPANY OF NEW JERSEY, complainant-appellant,

*v.*

A. GRAHAM BIDDLE, M.D., and JOAN MCLELLAND, defendants-appellees.

[Submitted October term, 1932. Decided January 31st, 1933.]

*Messrs. Walscheid & Rosenkranz (Mr. J. Emil Walscheid),* for the complainant-appellant.

*Mr. William G. McLoughlin,* for A. Graham Biddle.

*Mr. Andrew J. Whinery,* for Joan McLelland.

The opinion of the court was delivered by

BODINE, J.

The complainant appeals from a final decree dismissing its bill of interpleader.

The complainant, a banking institution, had loaned the defendant Biddle $12,729.98 on demand collateral notes. The defendant McLelland claimed as her property certain of the collateral deposited by Biddle, consisting of negotiable bonds and stocks. She demanded this property from the bank. Biddle requested that the matter be delayed pending settlement of a suit in New York state between the defendants said to involve the same transaction. The bank then demanded payment of Biddle's notes, and on his failure to pay, sold sufficient of the securities, the ownership of which was not disputed, to reimburse itself for its advances, and tendered the balance of cash and securities into the court of chancery to the end that the defendants might assert their respective rights thereto. The court of chancery enjoined each of the defendants. The moneys and securities were delivered to the clerk in chancery, and complainant's counsel was awarded a fee. The decree appealed from not only dismissed the bill, but also vacated the preliminary order.

"On a bill of interpleader there should, regularly, be a decree that the defendants interplead, and the case then becomes a case between the defendants, as between a complainant and defendant. *Rowe* v. *Adms. of Hoagland,* 7 *N. J. Eq. 131, 139.* Also *Kirtland* v. *Moore, 40 N. J. Eq. 106.*

"The regular course of proceeding on a bill of interpleader

is to take a decree that the defendants interplead, which withdraws the complainant in the original bill from further participation in the suit, and the case then becomes a case between a complainant and defendant." *Willison* v. *Salmon, 45 N. J. Eq. 257.*

This practice seems well established in this state. In *Pennsylvania Railroad Co.* v. *Earl's Executor, 63 N. J. Eq. 634,* there was a bill for interpleader. After the court of chancery had disposed of the preliminary question it then disposed of the meritorious question between the two claimants. The case on appeal became *Stevenson* v. *Earl, 65 N. J. Eq. 721.* The court of chancery should have disposed of the preliminary question and then the dispute between the claimants should have been settled.

Chancellor Vroom said, in *Executors of Lozier* v. *Administrators of Van Saun, 3 N. J. Eq. 325, 329:* "The practice of the court has been liberal in favor of persons standing in the situation of stakeholders or agents, having no interest in the property claimed, and only desiring honestly to pay it where it is justly due. It has proceeded on the principle that they have a right to protection, not from being compelled to pay, but from the vexation attending all the suits that may possibly be insituted against them." In the present case, the complainant bank should have been saved vexation because it had no interest in the property claimed, beyond securing payment of its demand notes. Being notified that hostile claims were asserted against part of the securities which it held on demand loans, it was at perfect liberty, if not under a duty, to request the payment of such demand loans, and if payment was not made to sell the securities pledged under its collateral agreement. It had no other alternative to surely avoid loss and possibly vexatious litigation. The defendant Biddle does not assert that McLelland did not claim the securities in question. He nowhere testified that she made no claim thereto. The assertion that the bank had no right to sell under the pledge on failure to pay after demand is too trifling to require observation. The facts,

well pleaded in the bill of complaint, would have justified a decree to interplead. *Executors of Lozier* v. *Administrators of Van Saun, supra.*

"A bill of interpleader is proper where the complainants have property or funds in possession, or under control, to which there are two or more claimants, and the complainant is doubtful to which of the claimants the debt or duty is due." *Mount Holly, &c., Turnpike Co.* v. *Ferree, 17 N. J. Eq. 117, 121.*

"To state a case of strict interpleader it is necessary for the complainant to show that conflicting claims are made against him for the same thing by two or more different persons, to aver that he has no interest in the subject-matter of their controversy, and also admit that the title to the thing in dispute is in some one of the conflicting claimants, but in which he is unable to decide. He cannot ask for affirmative relief against either of the hostile claimants, but must content himself with simply praying that they be required to cease from troubling him, and to settle their dispute, by some appropriate judicial proceeding, among themselves." *Illingworth* v. *Rowe, 52 N. J. Eq. 360, 361.*

The title of the stocks and bonds deposited in the court of chancery seem clearly to have been in dispute with two adverse claimants claiming that they were entitled thereto. The bank was under no duty, under such circumstances, to continue to carry a demand loan on securities which might be impaired by time or hostile litigation, or to submit to a vexatious law suit in which it would have no interest in the outcome.

There is a suggestion in the case that the bank's records were not properly evidenced. This is not material now because there must be a rehearing. The defendant Biddle offered no proof, other than a denial, that he did not remember the amount mentioned in the bank's letter calling for payment. He does not say that he did not receive a copy of the letter proved by the bank. He only says he did not remember receiving it. The proof, however, is clear that the bank did discuss

the matter and did give him a reasonable opportunity to withdraw the securities by paying the loan, subject to whatever rights McLelland might have in the securities claimed by her and pledged by Biddle, and it is also equally clear that McLelland and Biddle asserted a claim to the securities in court. The mere fact that a part of the balance of funds paid into court may not have been claimed by McLelland did not oust the court of a duty as to the securities as to which there were adverse claimants. The court of chancery should have disposed of the claim between Biddle and McLelland and should not have vacated the preliminary order. There is nothing in the record to suggest to us that the bank had incurred an independent liability to either of the claimants.

It is improper for a complainant in interpleader to state the case of the claimants to the fund. It is sufficient for it to state facts showing that there are opposing claims against which complainant is entitled to be protected. *Stewart* v. *Fallon, 58 Atl. Rep. 96.*

The decree below is reversed.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, TRENCHARD, PARKER, LLOYD, CASE, BODINE, DONGES, BROGAN, HEHER, KAYS, HETFIELD, WELLS, KERNEY, JJ. 13.