CAMDEN SAFE DEPOSIT AND TRUST COMPANY, complainant-respondent,

*v.*

MARIE E. BARBOUR, defendant-appellant; GENERAL UTILITIES COMPANY, IRENE B. RANDALL and ROLAND L. RANDALL, heirs-at-law of Harry L. Randall, deceased, and the MONTGOMERY TRUST COMPANY, administrator *pendente* lite of the estate of Harry L. Randall, deceased, defendants-respondents.

[Submitted October, 1934. Decided January 10th, 1935.]

*Messrs. Riggins & Davis,* for the defendant-appellant.

*Mr. Frank S. Norcross,* for the complainant-appellee.

*Messrs. Starr, Summerill & Lloyd (Mr. Alfred E. Driscoll),* for the Montgomery Trust Company.

The opinion of the court was delivered by

BODINE, J.

The appeal is from a decree that the defendants interplead. It appears that the appellant deposited in her account in the respondent bank dividend checks endorsed by her as attorney totaling $2,000, payable to the order of the late Harry L. Randall. Although other moneys were deposited and withdrawn from the account a balance remains substantially equal to the moneys so deposited. The General Utilities Company procured a judgment against the heirs-at-law of Randall and levied upon the moneys of the defendant on deposit with the bank, claiming the same to be the moneys of Randall. The Montgomery Trust Company, administrator *pendente lite* of Randall, also asserted claims against the account. The bill alleged that the heirs-at-law of Randall might also have some claim which had not been asserted. The depositor's authority to endorse the checks payable to Randall for deposit to her account was challenged.

The court of chancery, we think, rightly relying upon our recent decision in *Trust Company of New Jersey* v. *Biddle, 112 N. J. Eq. 347,* entertained the bill.. A similar action was taken by Chancellor Green in *Blair* v. *Porter, 13 N. J. Eq. 267.* Appellant, however, regards the action as improper, because the claimants assert their respective rights under adverse and paramount titles. It was pointed out by Vice-Chancellor Van Fleet in *First National Bank of Morristown* v. *Bininger, 26 N. J. Eq. 345,* that the rule denying interpleader in such cases defeated one of the purposes designed

to be accomplished in the establishment of a court of equity. Although decisions may be found in the court of chancery which support appellant's position, they have been reluctantly given, never followed in this court and are based upon a misunderstanding of the law of this state.

The complainant bank has no interest in the outcome of the litigation save to pay its debt to the person entitled thereto. There is no reason why it should be vexed by various suits which may be instituted against it, nor is there any reason why it should take the hazard of determining to whom it owes its debt. It is just as inequitable to require a bank to take the chance of paying its debt to a contestant, who claims by paramount and adverse claim, as it is to require payment when one claim is derivative.

In this case, there was no reason why the learned vice-chancellor should have followed a harsh and inequitable rule never countenanced in this court. The mere circumstance that the complainant was under contractual duties to one of the defendants is no reason to deny relief. No case can be found where the complainant was not under a debt or duty to one or more of the defendants. One of the reasons for the relief is the uncertainty of the complainant because of conflicting claims. The complainant, in no sense responsible for the conflicting claims, is not in equity without a remedy merely because one of the claims is adverse and paramount. Assuming that the bank's customer improperly acquired the funds deposited in her account that furnishes no reason to subject the bank to litigation for which it is not responsible, when admittedly, if the opposing claim was not hostile and paramount it would be entitled to relief.

The decree to interplead is, therefore, affirmed.

*For affirmance*—THE CHIEF-JUSTICE, PARKER, CASE, BODINE, HEHER, PERSKIE, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, JJ. 11.

*For reversal*—None.