This is a motion to strike a bill of interpleader.
In 1921, the defendant John Schweickhart subscribed to shares of the installment stock of complainant. In 1932, his *Page 435 
wife, the defendant Martha Schweickhart, notified complainant that the stock should have been issued in both their names, that her husband had fraudulently or otherwise caused the certificate to be issued in his name alone, and that she had paid the dues on the shares up to about 1929. On December 12th, 1934, when dues on the stock had fallen in arrears $180, complainant loaned Schweickhart $290 on the security of the stock but of this amount paid him only $97. The balance complainant retained in settlement of the arrears, fines and premium for the loan. At the time of the loan, Schweickhart claimed he had lost the stock certificate, and gave bond to indemnify complainant against loss by reason of his failure to produce the certificate.
Last fall, the series, of which this stock was part, matured. From the maturity value of the stock, complainant deducts $315.90 in payment of the loan above mentioned and of subsequent arrears and fines, and stands ready to pay the balance $684.10. Schweickhart claims the whole balance; his wife claims one-half of the maturity value, namely, $500. Schweickhart argues that these facts do not present a good case of interpleader because, first, the two claims are asserted under adverse titles, not derived from a common source. Atlantic City National Bank v.Thompson, 82 N.J. Eq. 111. As the law now stands, this objection must be overruled. Camden Safe Deposit Trust Co. v.Barbour, 117 N.J. Eq. 401.
The second ground for dismissing the bill is that in the loan transaction, complainant recognized Schweickhart as the owner of the stock, notwithstanding notice of his wife's claim. Mt.Holly, c., Turnpike Co. v. Ferree, 17 N.J. Eq. 117, is relied upon. This was an interpleader by a corporation between claimants of certain shares of its capital stock. The complainant, after learning of the dispute, transferred the stock on its books to one claimant and issued to him a new certificate. Thereby it incurred all the liability it could incur and was no longer impartial in the controversy. In the present cause, complainant would not be in a position to maintain interpleader if it had accepted Schweickhart's assignment for the purpose of transferring the shares to a third party, or had loaned Schweickhart on the security of *Page 436 
the shares a sum greater than his undisputed interest therein, or had otherwise prejudiced Mrs. Schweickhart's claim. But actually, complainant loaned Schweickhart only $97, an amount much less than the withdrawal value of his admitted half of the shares. Neither this loan nor the acceptance of the bond affected complainant's impartiality. The motion to strike will be denied.