The present controversy resolves itself into a question relative to complainant's right to maintain its interpleader suit and to require the defendants therein to interplead their respective claims to funds on deposit with it. *Page 518 
On July 27th, 1933, a savings account was opened with complainant, a banking institution, in the name and to the credit of "John J. and Eleanor F. Walsh," who are husband and wife, as well as two of the defendants herein. By reason of numerous deposits thereto and withdrawals therefrom, the account on October 31st, 1935, reflected a net balance of $2,966.05, upon all of which, including all of the right, title and interest of John J. Walsh, the sheriff of Bergen county, by virtue of a writ of fieri facias de bonis et terres in the sum of $26,570.36 issued out of the New Jersey supreme court on a judgment therein recovered by Rose Henney, administratrix ad prosequendum, against the said John J. Walsh, levied.
On the day following said levy, the said judgment debtor demanded of complainant the right to withdraw all or part of said funds. With this request, complainant because of the subsisting levy, refused to comply. Subsequently his wife presented the passbook evidencing the account, tendered her signed receipt and made demand upon complainant for payment to her of said funds, which it, however, for the reasons already mentioned, refused to do; with the result that she instituted an action against complainant in the Bergen county court of common pleas for the recovery of said funds. Thereupon complainant filed its bill of interpleader setting forth, in addition to all of these facts, its inability to determine to which of the defendants the funds rightfully belong, its willingness to make payment thereof to whomsoever it may be rightfully due, coupled with its offer to pay said funds into this court and its prayer for a decree requiring the defendants to interplead, enjoining them from instituting or prosecuting any proceedings against it for the recovery of said funds and discharging it, upon payment into court, of and from all liability to any of said defendants by reason thereof.
Thereafter an order with an ad interim restraint was made, upon complainant's verified petition, requiring the defendants to show cause why each of them should not be enjoined in accordance with the prayer of said petition. Argument upon this order, as well as upon Mrs. Walsh's motion for a dismissal of the bill, was thereafter heard with the result that *Page 519 
the motion to dismiss was denied and the temporary restraint continued; after which she filed her answer denying, among other things, that complainant was entitled to relief as prayed for. Issue having been joined, the action proceeded to final hearing at which all of the foregoing facts were conceded or established.
As ground for a decree of dismissal now contended for by her, said answering defendant, because of complainant's alleged independent liability to her, invokes the cases of Schippers v.Kempkes, 67 Atl. Rep. 1042; affirmed, 72 N.J. Eq. 948; NewJersey Title Guarantee and Trust Co. v. Archibald et al.,91 N.J. Eq. 82, and Republic Casualty Co. v. Fischmann, 99 N.J. Eq. 758.
These cases, however, fail to sustain her contention; none of them having presented for determination either the existence of an independent liability on the part of the complainant to any of the claimants therein or the legal effect thereof upon the complainant's right to maintain an interpleader action.
Schippers v. Kempkes, supra, was a suit, not ininterpleader, brought by complainant, as executrix of the defendant's deceased mother's estate, for the purpose of having determined whether complainant, as against said defendant, was vested with title to the $1,811 on deposit in the name of said defendant and his mother at the time of her death. New JerseyTitle Guarantee and Trust Co. v. Archibald, supra, was a suit, in the nature of a quia timet action, brought by complainant, as executor of Helena Metz, deceased, for instructions designed to settle the ownership of three bank accounts standing in the name of "Helena Metz or Louisa Metz," at the time of the former's death. While in the case of Republic Casualty Co. v.Fischmann, supra, Vice-Chancellor Berry clearly pointed out that there was no denial of the fact that complainant had not incurred any independent liability to any of the there involved claimants.
The argument that complainant incurred an independent liability to her, appears to be founded upon the premise that because the account is in the name of "John J. or Eleanor F. Walsh," the contractual relation of debtor and creditor exists *Page 520 
between complainant and herself, which of itself, it is urged, necessarily precludes complainant from obtaining the relief which it seeks. That contention, however, is without justification or support in law or fact. It unquestionably completely overlooks and ignores the incontrovertible fact that complainant's duty and debt to her arise from that very same common transaction which gave rise to its corresponding similar duty and debt to her husband with respect to the funds in question. Hence, it, at most, can be said that complainant's duty or liability to her with respect to said funds was co-extensive with and no greater than that which it owed to her husband at the time when the sheriff levied upon all of his right, title and interest therein. However, be that as it may, the decision of this case is reached not upon, but quite independent of, these observations.
Considered in the light of modern thought and the recent decisions of this court and that of our court of errors and appeals, the legal effect of the contractual relation arising between a bank and its depositor upon and from the mere opening of a bank account is, of itself, not sufficient to defeat the bank's right of interpleader as against such depositor and adverse claimants to the funds on deposit with it. The TrustCompany of New Jersey v. Biddle, 112 N.J. Eq. 347; Camden SafeDeposit and Trust Co. v. Barbour, 117 N.J. Eq. 401. Were the law otherwise, it would, indeed, be most difficult to conceive of a set of facts under which a bank or other custodian of funds would ever be able to maintain an interpleader action against the depositor and the adverse claimants of the deposited funds.
It is, and should be, the policy of this court to afford protection to persons occupying the status of stakeholders or agents, whose only interest in the property claimed is an honest desire to pay or deliver it to whomsoever may be rightfully entitled thereto, from the vexation incidental to the litigation which may possibly be brought against them by the various adverse claimants of the property involved. Lozier's Ex'rs v. VanSaun's Adm'rs, 3 N.J. Eq. 325. Unqualified approval of this just and equitable principle, *Page 521 
despite the complainant's existing independent liability to one of the defendants, is to be found in the cases of Leber v.Ross, 92 N.J. Eq. 535 (where complainants were permitted to maintain their interpleader suit as against the person for which they held, and to them in writing they had agreed to pay, the fund and the other claimants thereto), Dover Trust Co. v.Brooks, 111 N.J. Eq. 40 (where the depositors were required to interplead with a judgment creditor holding a levy upon the interest of one of them in funds on deposit with complainant in their joint names), The Trust Company of New Jersey v. Biddle,supra (where the bank, after the pledge agreement has been carried out, was permitted to interplead its depositor, by whom the securities had been pledged with it, and an adverse claimant thereto), Fairfield Savings Bank v. Small, 90 Me. 546;38 Atl. Rep. 551 (where the bank was permitted to require the executor of its deceased depositor and her husband to interplead the respective claims asserted by them in and to the moneys on deposit with it in the name and to the account of said decedent).
Any misconception or doubt which may have heretofore possibly existed relative to a bank's right, in a proper case, to require a depositor of and an adverse claimant to funds on deposit with it to interplead their respective claims has been entirely removed by the pronouncement in Camden Safe Deposit and TrustCo. v. Barbour, supra, where the court of errors and appeals, per Mr. Justice Bodine, significantly said: "In this case, there was no reason why the learned vice-chancellor should have followed a harsh and inequitable rule never countenanced in this court. The mere circumstance that the complainant was under contractual duties to one of the defendants is no reason to deny relief. No case can be found where the complainant was not under a debt or duty to one or more of the defendants."
It is further insisted, and with great earnestness, that, because the claims asserted to the fund in question are not derived from a common source, are independent of and adverse to each other and because there is no privity between *Page 522 
the sheriff and Mrs. Walsh, complainant should, under the cases of First National Bank of Morristown v. Bininger, 26 N.J. Eq. 345; Atlantic City National Bank v. Thompson, 82 N.J. Eq. 111,
and Rowe v. Gouse, 2 N.J. Mis. R. 829, be denied equitable relief and left to its legal remedies. In this contention I am unable to concur. It would, indeed, be a manifest imperfection of equity jurisdiction if it were to be constricted and limited to that extent. A person may be exposed to the same degree of danger and vexation by the assertion of conflicting independent claims to the same thing as by those of a dependent nature. There is certainly nothing in the nature of the remedy that prohibits its extension to both classes of claims. Such was the liberal and equitable view adopted by this court in Leber v. Ross, supra;Dover Trust Co. v. Brooks, supra; Arion Building and LoanAssociation v. Schweickhart, 119 N.J. Eq. 434, and by our court of errors and appeals in The Trust Company of New Jersey
v. Biddle, supra, and Camden Safe Deposit and Trust Co. v.Barbour, supra.
Complainant here is in doubt as to which of the defendants the funds in question rightfully belong. It has no interest in the entire litigation other than to be enabled to safely pay its debt to which of them it may be rightfully due. Consequently, there can be no good reason for compelling it to assume the risk of determining as to which of the defendants it rightfully owes and should pay its debt.
There will be a decree in favor of complainant as prayed for. *Page 523