Complainant agreed with Sol R. Kelsey to pay him a brokerage fee or commission of $2,275 if he procured a purchaser for a certain piece of property. He procured the purchaser and the sale and conveyance was duly consummated. Shortly prior to such consummation, complainant was notified by James A. O'Connell that "by an agreement between said O'Connell and said Kelsey, the said O'Connell was entitled to a part of the said commission of $2,275, amounting to about one-third thereof, so due from complainant to the said Kelsey * * * to wit, approximately $758.34," and was warned by the said O'Connell not to pay the said $758.34 to anyone but O'Connell.
Complainant has paid Kelsey all of the $2,275 except the $758.34. Kelsey has brought suit at law against complainant for this latter amount, to which O'Connell still claims to be entitled and for which he threatens to bring suit against complainant.
Complainant has filed its bill setting forth all of the foregoing facts and alleging that it is willing to pay the said $758.34 to such person as is lawfully entitled to it, but is itself unable to determine which of the claimants is entitled to it, and prays that decree be made directing complainant to pay the money into court and be discharged of further liability in respect thereto, and that the two claimants be decreed to interplead as between themselves. *Page 40 
The defendant Kelsey moves to strike the bill on the ground that it does not set forth a cause of action. His contention is that it appears by complainant's bill that complainant "has entered into a contractual relationship with one defendant which is independent of the duty on which the other defendant relies," and that under such circumstances complainant is not entitled to decree of interpleader. In such contention this court cannot concur.
The situation is indeed the typical one in which there has never been any doubt but that complainant was entitled to a decree requiring the adverse claimants to litigate between themselves alone the question as to which of them was entitled to the fund or debt, i.e., where a direct indebtedness existed from complainant to one of the claimants and the other claimant asserts that by some assignment or other act of the original creditor or by operation of law, he (the second claimant) instead of the original creditor, has now become entitled to demand and receive payment from complainant of the whole (or some share or portion thereof), of that very indebtedness from complainant to the original creditor.
The facts are, — (as they appear by the allegations in the bill which must be taken as true on this motion), — that complainant incurred a liability to pay this commission to Kelsey as broker's fee for his services in procuring the purchaser; that O'Connell claims that by a subsequent agreement between himself and Kelsey, he, O'Connell, has become entitled to have one-third of this very indebtedness of complainant to Kelsey paid to him, O'Connell. The situation is precisely similar to those cases in which claims are made upon a bank by a depositor and by another person who claims that same deposit (or some portion thereof) by virtue of a subsequent assignment or other transfer from the original depositor; and is also analogous to the situation where claims are made for the proceeds of a life insurance policy payable to the estate of the insured, both by the executor or administrator of the insured and by someone claiming under some assignment or transfer. *Page 41 
In all such instances it has uniformly been deemed that the complainant was entitled to require the claimants to interplead as between themselves; so much so, indeed, that few cases of that kind are to be found where that right has been challenged.Leber v. Ross, 92 N.J. Eq. 535, 113 Atl. Rep. 606, is however a case of that kind, in which the right to require interpleader was adjudicated; and Bergen County National Bank v. Sheriff ofBergen, 121 N.J. Eq. 517, 191 Atl. Rep. 560, is also essentially the same.
It was formerly thought that where the claim asserted by the "second claimant" was a claim of a right paramount to that of the "first claimant," — (using the term "first claimant" to designate the one whose claim would presumably have been recognized and satisfied by complainant except for the claim made by the other claimant), — complainant had no right to decree of interpleader; but the determinations in [*]Trust Co. of N.J. v. Biddle,112 N.J. Eq. 347, 164 Atl. Rep. 583; and [*]Camden Safe Deposit Trust Co. v. Barbour, 117 N.J. Eq. 401, 176 Atl. Rep. 313,
have definitely established that this is not necessarily true, — that even in such circumstances interpleader may, in some cases, be decreed.
That which is requisite to establish the right to decree of interpleader is that complainant has some certain thing or fund in its possession or control, or owes a certain debt; that conflicting claims for that same thing, fund or debt are made by two or more claimants; that complainant does not itself make any claim of right to the thing, fund or debt, but desires to pay or turn it over to whatever person is rightfully entitled thereto, and be thereupon discharged of all further liability; that complainant has a right to be free from any and all liability to more than one of the claimants; that no defendant will be injured or prejudiced by a decree of interpleader discharging complainant from all liability other than that of making payment or transfer of the thing in dispute to that one of the claimants which the court shall decide is entitled thereto. *Page 42 
That which is meant by the statement that the existence of an independent liability will defeat the right to decree of interpleader is simply this: — that if the character of any one of the respective several claims by the defendants against the complainant is such that it cannot be completely and equitably disposed of in a litigation between (or among) the defendants, — if, notwithstanding whatever adjudication is made as between (or among) the defendants, one of them may still have a right or claim against complainant, — then complainant is not entitled to decree of interpleader.
So far as the instant case is concerned, it is absolutely identical with Ireland v. Kelly, 60 N.J. Eq. 308,47 Atl. Rep. 51, and here, as there, the motion to strike must be denied.
The defendant Kelsey, in support of his motion to strike, relies solely on the determination in Leader Holding Co. v.McLintock, 121 N.J. Eq. 542, 191 Atl. Rep. 768. That reliance is obviously based upon a misinterpretation of the opinion in that case. Possibly the reasons for the denial of decree of interpleader in that case might have been set forth a little more explicitly, but it is clear from a careful reading of the opinion that it is not in the slightest degree in conflict with Ireland
v. Kelly, supra.
The facts in that case (as found by the court from the proofs at the final hearing on the issue of complainant's right to decree of interpleader) were that the complainant land owner had requested one Brody to perform services in the endeavor to accomplish a sale of complainant's property but had made no express contract as to any definite sum to be paid to Brody for such services. Brody enlisted the aid of Mrs. McLintock, who thereafter found a purchaser and came to complainant, and complainant made a definite contract with her to pay her the sum of $1,250 for her services in effectuating the sale. The usual and customary broker's commission for effectuating such sale would have been $1,650.
Mrs. McLintock claimed $1,250 from complainant. Brody also made a claim on complainant; and had commenced suit *Page 43 
on it, by which it appeared that his claim against complainant was that complainant had made a contract with him to pay him for his services fifty per cent. of the amount of the usual broker's commission for the sale aforesaid, and therefore owed him $825.
It will be observed, therefore, that the two claimants were not both claiming the same thing. Mrs. McLintock claimed the sum of $1,250 in pursuance of a specific contract by complainant to pay her that sum; Brody claimed the sum of $825 in pursuance of an (alleged) entirely separate and independent specific contract by complainant with him to pay him that amount. He did not claim,as against complainant, that he had become entitled by assignment or otherwise to the whole, or any part, of the $1,250indebtedness due from complainant to Mrs. McLintock, (although he had also brought a separate suit against Mrs. McLintock for $825 in which he asserted that she and he had mutually agreed to share equally the commission which would be earned if either one of them found a purchaser for the property).
Clearly under those circumstances complainant was not entitled to decree of interpleader. To entitle it to such decree, it must show that both claimants claimed the same thing; that the $825 which Brody claimed was the same $825 which Mrs. McLintock claimed. (Since Brody's claim was only $825, complainant had paid Mrs. McLintock $425 of the $1,250 she claimed and sought to compel her to interplead as to the balance of $825.) It must show that the two adverse claimants were both claiming just the one single indebtedness of $825. This it failed to do. The proofs showed that one claimant was claiming one debt of $825 and that the other did not claim the same debt, but claimed an entirely separate and distinct indebtedness, albeit of an equal amount.
The proofs did not show a situation where, — as stated by Vice-Chancellor Grey in Packard v. Stevens, 58 N.J. Eq. 489,at 496, 46 Atl. Rep. 250, and again in Ireland v. Kelly,supra, — the complainant is, so far as his own acts areconcerned, under only a single liability and yet is called upon *Page 44 
to pay by two or more claimants. They did not show a situation where the determination of the dispute between the defendants
would settle the claim of each defendant against the complainant.Packard v. Stevens, supra, at p. 497. They showed that complainant "by its own acts" had made two separate contracts, and hence might be under more than a single liability; they showed a situation where the separate claims of each claimant against the complainant would not necessarily be disposed of by an adjudication as between the two claimants.
Not so in the instant case; O'Connell's claim is not that complainant owes him $758.34 irrespective of whatever amount, if any, complainant may owe Kelsey. His claim is for the one-third part of that identical indebtedness which complainant had incurred to Kelsey. He claims from complainant nothing different from, or beyond that, which Kelsey claims from complainant. Both claims against complainant will be entirely and completely disposed of by an adjudication between O'Connell and Kelsey as to which one is entitled to the payment from complainant. And the existence of the two adverse claims is not due in any wise to any act or fault of complainant.
It does not appear that subpoena has been served on either defendant. Both defendants, however, appeared by solicitor on the argument on this motion, and have thus entered a general appearance in the suit; but neither one is under any limitation as to time to answer. In addition to the order denying the motion to strike, therefore, complainant may also take an order that the defendants answer within twenty days (or such shorter time as the parties may agree on). *Page 45