This is a bill of interpleader. Complainant, an insurance company, was obligated, under one of its policies, to pay workmen's compensation to defendant Trusewicz. In order to pay an installment of the compensation, complainant made a draft addressed to itself and payable to the order of Trusewicz for $35.50. The draft was mailed to Trusewicz, and a week later, it was presented to complainant through the New York Clearing House and was paid. It bore the endorsements "Ignaz Trusewicz" and "F. A. Distributing Company" and several bank stamps. Thereafter, Trusewicz informed complainant that he had never received the draft and that the endorsement of his name thereon was a forgery. Complainant thereupon made claim upon the bank which had presented the draft for *Page 468 
payment and in due course complainant received back the amount of the draft, $35.50. To obtain reimbursement, complainant surrendered the draft, which eventually reached the F. A. Distributing Company, the present holder. The bill shows that Trusewicz and the Distributing Company both claim the money, $35.50, now in the hands of complainant, and complainant therefore prays that they interplead.
There are a dozen other drafts set forth in the bill with circumstances identical with those already recited, except that there are additional endorsers on several of them. The question is whether interpleader will lie.
The claim of Trusewicz is based on the policy of insurance. Complainant has a possible defense, namely, that it has already paid Trusewicz and this in turn depends on whether or not Trusewicz endorsed the drafts. The F. A. Distributing Company has a cause of action against complainant on the draft and not on the insurance policy. The defense is that the endorsement "Ignaz Trusewicz" is a forgery.
It seems that the issue of forgery is dispositive of both claims and that if complainant is liable to Trusewicz, it is not liable to the Distributing Company, and vice versa; and yet defendants argue that interpleader does not lie, for the two claims have not a common source; they rise from separate and distinct contracts of complainant. Generally, in order to support interpleader, it must be the same fund or debt which is claimed by both defendants, and the complainant must have incurred no independent liability to either of them. Carrier Corp. v.Bedworth, Inc., 125 N.J. Eq. 163. "The difficulty in applying the rule arises where the subject is a chose in action; and then the identity must be determined in each particular case, not by any general rules, but by the nature, constitution and incidents of the debt, demand, or duty itself." Pom. Eq. Jur. § 1323. InPackard v. Stevens, 58 N.J. Eq. 489, Vice-Chancellor Grey upheld a bill of interpleader, although each defendant claimed under a separate contract with complainant. And our courts are becoming increasingly liberal in giving relief upon interpleader.Trust Company of New Jersey v. Biddle, 112 N.J. Eq. 347;Camden Safe Deposit and Trust Co. v. Barbour, 117 N.J. Eq. 401. *Page 469 
The root of the claims of both defendants in the case before me is complainant's liability as insurer; the draft is incidental to that liability. Complainant's dilemma is not the result of its own misconduct or negligence. Complainant is not indebted to both defendants and yet, it is subject to double harassment and, perhaps, to two judgments against it, unless this court will intervene. Under the circumstances, I believe that interpleader is the appropriate remedy.
Complainant may have an injunction.