Complainant is engaged in the business of operating a storage warehouse in Jersey City. September 22d 1941, it accepted certain goods and chattels for storage from Essie Keller for which it issued to her its non-negotiable receipt. October 10th, 1941, Samuel Keller, who was then the husband *Page 44 
of Essie Keller, served notice on complainant that he and not Essie Keller was the owner of said goods and chattels and notified complainant not to permit her or any one acting for her to remove the chattels from complainant's warehouse. Neither Essie Keller nor Samuel Keller demanded delivery of the chattels but each instructed complainant not to deliver them to the other. Conferences were then held by representatives of the claimants with complainant's president over ownership of the chattels and complainant was requested to hold the chattels pending agreement between the claimants as to their ownership and disposition. This situation continued for more than five years and while complainant was awaiting instructions from the claimants the defendant Perlstein, claiming title to the chattels by virtue of an assignment from Essie Keller and without previous notice of his claim to or demand on complainant, instituted a replevin suit March 25th, 1947, in the Hudson Common Pleas by virtue of which the sheriff of Hudson County seized the chattels, removed them from complainant's warehouse and delivered them to Perlstein, the sheriff taking from Perlstein a statutory replevin bond for $20,000 with the defendant Fidelity and Deposit Company of Maryland as surety. On April 8th, 1947, Samuel Keller brought suit in our Supreme Court against complainant, Perlstein, the sheriff and the surety on the replevin bond to recover damages for non-delivery of the chattels to him. When complainant thus learned that the rival claimants had failed to reach an agreement, and finding itself in the predicament of defending a replevin suit by Perlstein and an action for damages by Keller, and being unable to determine who rightfully owned the chattels and having no interest in such ownership, filed its bill in this cause against Perlstein, Keller, the sheriff and the surety on the replevin bond seeking to require them to interplead and settle their rights in the chattels and praying that the defendants be restrained from proceeding with the law actions against it and that Perlstein be restrained from disposing of the chattels and that complainant be discharged from all liability to the defendants. The defendants were brought into court by subpoena and have answered the bill, the defendants *Page 45 
Perlstein and Keller denying complainant's right to call on them to interplead and seeking to have complainant's bill dismissed.
The defendants contend that complainant may not require them to interplead because complainant, having lost possession of the chattels, is not in position to deliver them to the defendant who may be adjudged by this court to be the legal owner thereof. Ordinarily a complainant seeking interpleader is required to bring, or offer to bring into court the fund or thing over which the dispute has arisen, but when one claimant has seized the fund or thing by a force which complainant was unable to resist, the complainant should be excused from bringing or offering to bring the subject-matter into court especially where, as here, possession of the claimant who has seized the thing is subject to control of this court through its order restraining him from disposing of it. Bills of interpleader have been allowed where the fund in question had been taken by a sheriff in attachment and judgment entered thereon (Ex'rs of Lozier v. Adm'rs of VanSaun, 3 N.J. Eq. 325) and where the fund has been levied on under execution on judgments entered against one of the claimants. Leber v. Ross, 92 N.J. Eq. 535; Bergen CountyNational Bank v. Sheriff, c., 121 N.J. Eq. 517. This contention comes with ill grace from defendant Perlstein, because it was through his replevin suit that complainant was compelled to yield possession of the chattels and accept a replevin bond as a substituted asset for the chattels. Nevertheless, complainant remains under some duty toward the true owner of the chattels to keep and care for them, and it is for the alleged breach of that duty that defendant Keller brought his suit for damages against complainant. Complainant's duty of custody was not lost through the replevin suit; it was suspended and the property seized is in control of the court in which the replevin suit is pending awaiting determination by that court of the ownership thereof. If the rival claimants are required to interplead and litigate in this court the question of ownership as between themselves, and determination of title is in Perlstein's favor, he has the chattels for he was restrained from disposing of them and he can continue his *Page 46 
possession; whereas if determination is in favor of Keller, Perlstein will be required to make delivery of the chattels to Keller and failing to do so he will be liable to Keller for damages.
Defendants further contend that complainant is not entitled to call on them to interplead because it is not the same duty or thing that defendants demand of complainant. The dilemma facing complainant arises out of the question of ownership of the chattels stored with it. The replevin suit and the action for damages both assert title in the respective plaintiffs therein — defendants here — and that is the basic question presented here for settlement as to both defendants. On that question of ownership, concerning which complainant has no knowledge and therefore cannot properly defend either suit at law brought against it, complainant should not be placed in peril of being held liable to both claimants, yet, although in no way responsible for the conflicting claims, complainant is subject to harassment of two suits and the possibility of two judgments against it unless this court intervenes and requires the rival claimants to litigate and settle their claims between themselves.Fidelity and Casualty Co. v. Trusewicz, 128 N.J. Eq. 467.
Under the general principles governing suits of interpleader as laid down by this court and the Court of Errors and Appeals I feel that complainant is entitled to the relief it seeks. This court is liberal in allowance of interpleader. Any one in the position of a stakeholder without interest in the fund or chattels claimed and being doubtful to which claimant he owes a duty, should have protection from the vexation attending suits with respect thereto and be entitled to call on rival claimants to settle their dispute among themselves. Trust Company of NewJersey v. Biddle, 112 N.J. Eq. 347; Camden Safe Deposit andTrust Co. v. Barbour, 117 N.J. Eq. 401; Bergen County NationalBank v. Sheriff, c., supra; Fidelity and Casualty Co. v.Trusewicz, supra.
I feel too that under the statute concerning warehousemen (R.S. 57:1-20) complainant is entitled to the relief it seeks, although the defendants contend that the statute cannot apply because Perlstein's replevin suit removed the property from *Page 47 
complainant's possession. The statute (section 20) provides that if one or more persons claim title or possession of the stored goods the warehouseman may require the claimants to interplead. It would seem that the statute was enacted for the purpose of affording a greater measure of protection to warehousemen against conflicting claims that exist in favor of other parties under the general right of interpleader, because it will be noted that the cited section does not require that to entitle the warehouseman to file a bill of interpleader, he must be in actual possession of the goods; his right to bring claimants into court to interplead is made to depend only on the fact that he is faced with opposing claims of title or possession.
Fidelity and Deposit Company of Maryland, surety on Perlstein's replevin bond, was named as a defendant in the bill of complaint apparently for the purpose of giving it notice of the relief sought by complainant against its principal. It is a proper defendant but it has filed a disclaimer alleging that it is without claim or interest in the chattels involved in the suit and its counsel moves that it be dismissed as a party to the cause. That motion will be granted.